Schofield, S.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/30/2016
```

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
LASPATA DECARO STUDIO CORP.,            :
                                        :   Case No. 16-cv-934 (LGS)
        Plaintiff,                      :
                                        :   Hon. Lorna G. Schofield
    v.                                  :
                                        :
RIMOWA GMBH, RIMOWA DISTRIBUTION        :
INC., AND RIMOWA INC.,                  :
                                        :
        Defendants,                     :
                                        :
    v.                                  :
                                        :
MEIRÉ GMBH & CO. KG, d/b/a MEIRÉ AND    :
MEIRÉ, and SHOTVIEW BERLIN              :
PHOTOGRAPHERS MANAGEMENT GMBH,          :
d/b/a SHOTVIEW ARTISTS MANAGEMENT,      :
                                        :
        Third-Party Defendants.         :
                                        :
------------------------------------------------------------ X

**STIPULATION AND [PROPOSED] ORDER FOR THE
PROTECTION AND EXCHANGE OF CONFIDENTIAL INFORMATION**

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties (the "party" or "parties") that:

1.  All Confidential Information, as defined herein, in the above-captioned action (hereinafter referred to as the "Litigation") shall be used by the party receiving it only for the purposes of preparing for and conducting the Litigation, and shall not be used directly or indirectly for any other purpose whatsoever.

2.  Any party or producing person or entity may designate as "CONFIDENTIAL" any document, material, recording, or information (including but not limited to documents produced pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, interrogatory responses, and deposition transcripts) ("Discovery Material") which such party or producing

person or entity reasonably believes, in good faith, to contain or disclose (i) confidential personal medical, financial, or credit information; or (ii) confidential, sensitive, or proprietary business, commercial, or financial information, trade secrets, confidential research and development, credit, compliance, personnel and administrative information and the like. Documents, transcripts, materials and information so designated, including all information contained therein and derived or derivable therefrom, will be referred to herein as "Confidential Information."

      3.     A party may designate Discovery Material as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" if such Discovery Material contains confidential financial, trade secrets, proprietary or commercially sensitive business information belonging to the party or any third party. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." This designation shall be used as sparingly as possible. Any document, material, or information designated by a party as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" must be reviewed by an attorney. The designation of any document, material, or information as "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection.

      4.     As to documents produced and interrogatory responses, such designation shall be made by stamping such materials as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY." With respect to testimony and any exhibits, documents or other materials referred to during the giving of testimony, designation as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall be made by the means of a statement on the record by counsel for the witness or other authorized counsel at the time of the giving of testimony, or by written notice by said counsel designating the portions of any

transcript to be treated as confidential, which is to be given to all counsel within twenty days of the receipt of such transcript. All such materials and information shall be considered "Confidential Information" and subject to this Stipulation And Order until the expiration of the twenty-day period.

5. Confidential Information or information derived therefrom may only be disclosed or made available by the counsel for the party receiving such information to "Qualified Persons," who are defined to consist of:

(a) The Court and court personnel,

(b) Counsel of record to the parties to the Litigation, including in-house counsel, clerical, secretarial, and paralegal staff employed by such counsel;

(c) Court reporters and videographers engaged for depositions in this Litigation;

(d) Such of the directors, officers, agents, and employees of a party and any such subsidiaries or affiliates thereof to the extent necessary to assist in the conduct of the Litigation, subject to paragraph 6;

(e) Persons who were either authors or recipients, including copy recipients, of the Confidential Information;

(f) Experts or consultants, to the extent deemed necessary by counsel to assist in the conduct of this Litigation, subject to paragraph 6;

(g) Support vendors retained for photocopying, Bates labeling, indexing of documents, animation, and the like; and

(h) Any other person the producing party agrees to in writing, subject to paragraph 6.

6. Prior to reviewing, seeing, or receiving Confidential Information, all persons specified in paragraphs 5(d), 5(f), and 5(h) will read a copy of this Stipulation And Order and execute an Undertaking in the form of Exhibit 1 hereto, except that persons specified in paragraph 5(h) need not do so if agreed by the producing party. With respect to Confidential Information deisgnated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY, " such Undertakings will be provided to the producing party for its consent before any disclosure is made. The producing party shall respond within ten days with any objections to disclosure.

Counsel of record shall retain in their possession all executed Undertakings until final disposition of the Litigation, and thereafter shall produce for inspection, at the request of any party to the Litigation within sixty days of the conclusion of the Litigation, copies of all such Undertakings. Prior to showing any Confidential Information, the person showing the material to a person specified in paragraphs 5(d), 5(f), or 5(h) shall inform that person of the existence of the Stipulation And Order, and any court Order entered in connection herewith, and explain both its terms and the Court's determination that anyone viewing Confidential Information is bound by the Court's Orders in this regard, and that sanctions for any violation of the Court's Order may include penalties imposed by the Court for contempt. Confidential Information designated "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall not be disclosed to persons specified in paragraph 5(d).

7. Nothing contained herein shall prevent any party from disclosing its own Confidential Information as it deems appropriate, and any disclosure by a party of its own Confidential Information shall not, in and of itself, be a waiver of the provisions contained herein. Nothing herein shall prevent a party receiving Confidential Information from disclosing it to the designating party or the designating party's employees.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained by such party or witness independently of the discovery proceedings in the Litigation.

9. This Stipulation and Order does <u>not</u> provide for the automatic filing of Confidential Information with the Court under seal. To the extent that a party (i) seeks to file Confidential Information with the Court and believes such information should be filed under seal; or (ii) believes that Confidential Information filed with the Court by another party should be maintained under seal, the party interested in sealing such information shall make an application

to the Court as provided under Section I.C.3. of the Court's Individual Rules and Procedures for Civil Cases.

10. At the conclusion of the Litigation, including any appeals, all Confidential Information and all copies of the same shall (i) be promptly returned to the producing party at the request and expense of the producing party, or (ii) be destroyed within thirty days of the conclusion of the Litigation, including any appeals, at the expense of the receiving party, with a letter sent by the receiving party to the producing party certifying that such documents and information have been destroyed, except that counsel of record may retain for their files copies of any of their own work product, correspondence, pleadings, briefs and exhibits, any other court filings, deposition transcripts and exhibits, or hearing or other official transcripts and exhibits, which contain Confidential Information. Such retained copies will remain subject to the restrictions herein.

11. Designation of any material as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" shall not preclude any party from contending before the Court that a designated document or transcript does not qualify for confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure or that confidential treatment is not warranted; shall not create any presumption that documents and transcripts so designated are confidential; shall not prejudice in any way the rights of the parties to object to the production of documents based on the attorney-client privilege, other privilege recognized by applicable law, the work product doctrine or based on any other claim that such documents are not subject to discovery for reasons other than alleged confidentiality; and shall not shift the burden of establishing entitlement to confidential treatment. A party objecting to the designation of any Confidential Information may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such application is pending, the Confidential Information in question shall remain subject to the

- 6 -

protections afforded by this Stipulation And Order. The parties expressly reserve the right to apply to the Court to seek leave to disclose Confidential Information to any administrative agency.

12. The binding effect of this Stipulation And Order shall survive termination of the Litigation and the Court shall retain jurisdiction to enforce the Stipulation And Order.

13. This Stipulation And Order shall be applicable to and binding upon any individual or entity who agrees in writing to be subject to the terms of this Stipulation And Order. Such individual or entity may designate Confidential Information and that information will be treated in all respects in accordance with the provisions herein.

14. Nothing in the foregoing shall control or govern the use of evidence at trial or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence that is subject to this Stipulation And Order.

15. This Stipulation And Order is subject to further modification by order of the Court, on the Court's own initiative, or upon motion by any person having an interest affected by this Stipulation And Order for good cause shown.

16. If Confidential Information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the party to whom the subpoena is directed shall give written notice of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing party no later than five business days prior to the time when production of the information is requested by subpoena. In the event that the subpoena purports to require production of such Confidential Information on less than five business days' notice, the party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver by hand or facsimile a copy thereof, to the attorneys for the

producing party. Absent a court order to the contrary, the party to whom the subpoena is directed may comply therewith, however, if application for a protective order is made promptly before the return date, the party to whom the subpoena is directed shall not produce such Confidential Information prior to receiving a court order or the consent of the producing party.

17. If, a producing party discovers from any source that it produced a document, material, recording, or information that should have been designed as Confidential but was not, that party may thereafter designate that document, material, recording, or information as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" in accordance with paragraphs 2-4.

18. If a producing party discovers from any source that it produced a document (a) protected from disclosure by the attorney-client privilege, the attorney work product protection, or any other privilege, protection, or immunity; and/or (b) prohibited from disclosure by operation of law, that party may request the return of that document. The receiving party must, within three business days of receiving that request, return the document, including any copy or extract of it, to the producing party. In the event of a dispute as to whether the document (a) is protected from disclosure by a privilege, protection, or immunity; and/or (b) is prohibited from disclosure by operation of law, the burden shall be on the producing party to demonstrate that the document (a) is protected from disclosure by a privilege, protection, or immunity; and/or (b) is prohibited from disclosure by operation of law; provided, however, that until that dispute is resolved by the Court the document shall be treated as (a) being protected from disclosure by a privilege, protection, or immunity; and/or (b) being prohibited from disclosure by operation of law. If the document is submitted to the Court for resolution of a dispute, the parties shall jointly file, or otherwise consent to the filing of, a motion to file the document under seal prior to such submission. In accordance with Rule 502 of the Federal Rules of Evidence, if a producing party requests that a document protected from disclosure by a privilege, protection, or immunity

produced in connection with the Litigation be returned to it on the basis of that privilege, protection, or immunity, the production of that document shall not waive the applicable privilege, protection, or immunity in the Litigation or in any other federal or state proceeding. After this Stipulation And Order is entered by the Court, this paragraph 18 is Ordered under Rule 502(d) of the Federal Rules of Evidence and has the full force and effect of an Order made under Rule 502(d), including without limitation binding effect on non-parties to this Stipulation And Order or to the Litigation, notwithstanding anything to the contrary otherwise in this Stipulation And Order.

19. In the event that Confidential Information is disclosed to someone not authorized under the terms of this Order to receive such information, counsel of record for the party involved with the disclosure shall (i) immediately inform counsel of record for the producing party describing the circumstances surrounding the unauthorized disclosure, and (ii) make every reasonable effort to retrieve the Confidential Information and to prevent disclosure by each unauthorized person who received or possesses such Confidential Information.

20. Each party shall maintain documents containing Confidential Information in a secure and safe location.

21. The parties' execution of this Stipulation And Order does not waive any objections to production of specific documents or categories of documents.

Dated: June 29, 2016

                                      Respectfully submitted:

| FRANKFURT KURNIT KLEIN & SELZ PC | AXINN VELTROP & HARKRIDER LLP |
|---|---|
| By: _/s/ Andrew J. Ungberg_ <br>Andrew J. Ungberg <br>Maura J. Wogan <br>Frankfurt Kurnit Klein & Selz PC <br>488 Madison Avenue <br>New York, New York 10022 <br>Tel: 212.826.5524 <br>Fax: 347.438.2114 <br>aungberg@fkks.com <br>mwogan@fkks.com <br>Attorneys for Plaintiff <br>Laspata DeCaro Studio Corp. | By: _/s/ Delphine W. Knight Brown_ <br>Delphine W. Knight Brown <br>Magdalena Hale Spencer <br>114 West 47th Street, #22 <br>New York, NY 10036 <br>Tel: 212.728.2200 <br>dknightbrown@axinn.com <br>Attorneys for Defendants <br>Rimowa GmbH, Rimowa Distribution Inc., and Rimowa Inc. |

SO ORDERED:

Dated:   June 30, 2016                        _/s/ Lorna G. Schofield_
          New York, New York                        LORNA G. SCHOFIELD
                                                        UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
LASPATA DECARO STUDIO CORP.,                             :
                                                         :   Case No. 16-cv-934 (LGS)
                Plaintiff,                               :
                                                         :   Hon. Lorna G. Schofield
        v.                                               :
                                                         :
RIMOWA GMBH, RIMOWA DISTRIBUTION                         :
INC., AND RIMOWA INC.,                                   :
                                                         :
                Defendants,                              :
                                                         :
        v.                                               :
                                                         :
MEIRÉ GMBH & CO. KG, d/b/a MEIRÉ AND                     :
MEIRÉ, and SHOTVIEW BERLIN                               :
PHOTOGRAPHERS MANAGEMENT GMBH,                           :
d/b/a SHOTVIEW ARTISTS MANAGEMENT,                       :
                                                         :
                Third-Party Defendants.                  :
                                                         :
-------------------------------------------------------- X
```

**EXHIBIT 1:**
**UNDERTAKING**

The undersigned, whose assistance is required in the preparation or trial of the Litigation declares and states as follows:

I have read the attached Stipulation And Order, dated June __, 2016, understand its contents, and hereby agree to comply therewith and to be bound thereby. In addition, I consent to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcement of the Stipulation and Order.

I agree to use Confidential Information only for purposes of assisting in this Litigation, and for no other purpose.

- 11 -

I agree not to make copies of any Confidential Information except in accordance with the terms of the Stipulation And Order. I further agree not to communicate Confidential Information to any person or entity not qualified to receive it under the terms of the Stipulation And Order.

I agree to promptly return to the producing party all Confidential Information and all copies of the same at the conclusion of this Litigation.

I agree to comply with all other provisions of the Stipulation And Order.

I acknowledge that failure on my part to comply with the provisions of the Stipulation And Order may be punishable by contempt of court and may render me liable to any party, person, or entity damaged thereby.

I declare under the penalties of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _____.

Name: (print or type) _____
Signature:                _____