FRANKFURT KURNIT KLEIN & SELZ, P.C.
Maura J. Wogan
Andrew J. Ungberg
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone: (212) 980-0120
Fax: (212) 593-9175

*Attorneys for Plaintiff Laspata DeCaro Studio Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
Laspata DeCaro Studio Corporation,                                   :
                                                                     :  Civil Action No. 16-cv-0934 (LGS)
                    Plaintiff,                                       :
                                                                     :  **REPLY TO DEFENDANTS**
    -against-                                                        :  **RIMOWA GMBH ET. AL.'S**
                                                                     :  **AMENDED ANSWER,**
Rimowa GmbH, Rimowa Distribution Inc.,                               :  **COUNTERCLAIMS AND**
Rimowa Inc., Meire GmbH & Co. KG d/b/a Meire and                     :  **CROSS-CLAIMS**
Meire, and Shotview Berlin Photographers Management                  :
GmbH d/b/a Shotview Artists Management                               :
                                                                     :
                    Defendants.                                      :
-------------------------------------------------------------------- X

Plaintiff Laspata DeCaro Studio Corp. ("LD"), by and through its attorneys, Frankfurt Kurnit Klein & Selz, P.C., for its reply to the counterclaims ("Counterclaims") and cross-claims ("Cross-Claims") asserted by Defendants/Counter-Claim Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. ("Rimowa") responds and alleges as follows:

## COUNTERCLAIMS

1.      LD admits that Rimowa purports to assert claims for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the copyright laws of the United States, 17 U.S.C. 101, *et seq.* and denies any other allegations contained in Paragraph 1.

2.      LD admits that on February 8, 2016, it filed a Complaint asserting, among other allegations, claims for copyright infringement of its "LD Images" by Rimowa.

3.      LD admits that Rimowa purports to deny that it infringed LD's copyrights and

denies the remaining allegations contained in Paragraph 3 of the Counterclaims.

4. LD admits that there is an actual case or controversy between LD and Rimowa and that Rimowa purports to seek a declaratory judgment and denies the remaining allegations contained in Paragraph 4 of the Counterclaims.

5. LD admits that Rimowa purports to seek a declaratory judgment and denies the remaining allegations contained in Paragraph 5 of the Counterclaims.

## JURISDICTION AND VENUE

6. Paragraph 6 contains a legal conclusion to which no response is required.

7. LD admits the allegations contained in Paragraph 7 and avers that LD maintains its principal place of business at 30 West 21st Street, New York, NY 10010.

8. Paragraph 8 contains a legal conclusion to which no response is required.

## THE PARTIES

9. LD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies those allegations, except that LD believes that Rimowa GmbH is a company organized under the laws of Germany.

10. LD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies those allegations, except that LD believes that Rimowa Distribution Inc. is organized under the laws of Delaware.

11. LD lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies those allegations, except that LD believes that Rimowa Inc. is a corporation organized under the laws of Delaware.

12. LD admits the allegations contained in Paragraph 12.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

13. LD repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 12 of these Counterclaims as if fully set forth herein.

14. LD admits that it filed its First Amended Complaint before this Court on July 11, 2016 and refers the Court to the Complaint for the contents thereof.

15. Paragraph 15 contains a statement of law to which no response is required.

16. LD denies the allegations contained in Paragraph 16.

17. LD denies the allegations contained in Paragraph 17.

18. LD denies the allegations contained in Paragraph 18.

19. LD denies the allegations contained in Paragraph 19.

20. LD denies the allegations contained in Paragraph 20.

21. LD denies the allegations contained in Paragraph 21.

22. LD denies the allegations contained in Paragraph 22.

23. LD denies the allegations contained in Paragraph 23.

24. LD denies the allegations contained in Paragraph 24.

25. LD denies the allegations contained in Paragraph 25.

26. LD denies the allegations contained in Paragraph 26.

27. LD denies the allegations contained in Paragraph 27.

28. LD denies the allegations contained in Paragraph 28.

29. LD denies the allegations contained in Paragraph 29.

30. LD denies the allegations contained in Paragraph 30.

31. LD denies the allegations contained in Paragraph 31.

32. LD denies the allegations contained in Paragraph 32.

33. LD denies the allegations contained in Paragraph 33.

34. LD denies the allegations contained in Paragraph 34.

35. LD denies the allegations contained in Paragraph 35.

36. LD denies the allegations contained in Paragraph 36.

37. LD denies the allegations contained in Paragraph 37.

38. LD denies the allegations contained in Paragraph 38.

## COUNT II
## (Declaratory Judgment of Invalid Copyrights)

39. LD repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40. LD denies the allegations contained in Paragraph 40.

41. LD denies the allegations contained in Paragraph 41.

42. LD denies the allegations contained in Paragraph 42.

43. LD denies the allegations contained in Paragraph 43.

44. LD denies the allegations contained in Paragraph 44.

45. LD denies the allegations contained in Paragraph 45.

46. LD denies the allegations contained in Paragraph 46.

47. LD denies the allegations contained in Paragraph 47.

48. LD denies the allegations contained in Paragraph 48.

49. LD denies the allegations contained in Paragraph 49.

50. LD denies the allegations contained in Paragraph 50.

51. LD denies the allegations contained in Paragraph 51.

## CROSS-CLAIMS

52.–118. Paragraphs 52–118 exclusively relate to Rimowa's claims against Defendants Meire GmbH & Co. KG, d/b/a Meire and Meire ("Meire") and Shotview Berline

Photographers Management GmbH, d/b/a Shotview Artists Management ("Shotview"), to which no response is required of LD.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, LD asserts the defenses set forth below. These defenses are asserted by LD based upon an investigation of the asserted allegations that is not complete and pending the results of discovery from Rimowa.

LD reserves all affirmative defenses under Fed. R. Civ. P. Rule 8(c), and any other defense, at law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

### FIRST AFFIRMATIVE DEFENSE

Rimowa's Counterclaims fail, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Rimowa's Counterclaims are moot because the alleged controversy underlying the request for declaratory judgment is already before this Court.

### THIRD AFFIRMATIVE DEFENSE

Rimowa's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

By way of defense, plaintiff repeats and reincorporates by reference herein, its First Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Rimowa's Counterclaims are barred because Rimowa has unclean hands and, as such, cannot invoke the jurisdiction of this Court sitting in equity.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff/Counter-Claim Defendant, prays for the order and judgment of this Court in its favor and against Defendant/Counter-Claim Plaintiff as follows:

1. Dismissing Rimowa's Counterclaims with prejudice;

2. Awarding Plaintiff/Counter-Claim Defendant its costs, disbursements, and attorneys' fees incurred in this action; and

3. Awarding Plaintiff/Counter-Claim Defendant such other relief as the Court deems just and equitable.

Dated: New York, New York
August 15, 2016

          FRANKFURT KURNIT KLEIN & SELZ, P.C.

          By:      */s/ Andrew J. Ungberg*
             Maura J. Wogan
             Andrew J. Ungberg
          488 Madison Avenue
          New York, New York  10022
          Phone:  (212) 980-0120
          Fax:  (212) 593-9175
          mwogan@fkks.com
          aungberg@fkks.com
          *Attorneys for Plaintiff/ Counter-Claim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2016, I caused the foregoing Reply to Counterclaims to be served via ECF delivery upon:

>William E. O'Brien
>Law Offices of William E. O'Brien, LLC
>2 Connector Road, Suite 200
>Westborough, MA 01581
>william@masstechlawyer.com
>
>Delphine Knight Brown
>Axinn, Veltrop & Harkrider LLP
>114 West 47th Street
>New York, NY 10036
>212.728.2232
>dknightbrown@axinn.com
>
>*Attorneys for Defendants/Counter-Claim Plaintiffs*

Dated: August 15, 2016

>         /s/ Andrew J. Ungberg
>Andrew J. Ungberg
>Frankfurt Kurnit Klein & Selz, P.C.
>488 Madison Avenue
>New York, New York  10022
>Telephone:  (212) 980-0120
>Facsimile:  (212) 593-9175
>Email:  aungberg@fkks.com
>
>*Attorneys for Plaintiff/Counter-Claim Defendant*