IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                    :
Laspata DeCaro Studio Corporation,                  :
                                                    :
                        Plaintiff,                  :
                                                    :        Civil Action No. 1:16-cv-00934-LGS
                v.                                  :
                                                    :
Rimowa GmbH, Rimowa Distribution, Inc. and          :
Rimowa Inc.,                                        :        **FIRST AMENDED THIRD-**
                                                    :        **PARTY COMPLAINT**
                        Defendants-Third-Party      :
                        Plaintiffs,                 :
                                                    :
                v.                                  :
                                                    :
Meiré GmbH & Co. KG, d/b/a Meiré and Meiré,         :
and Shotview Berlin Photographers Management        :
GmbH, d/b/a Shotview Artists Management,            :
                                                    :
                                                    :
                        Third-Party Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

        Defendants-Third-Party Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and

Rimowa Inc. (hereinafter collectively referred to as "Rimowa" or as the "Defendants-Third-Party

Plaintiffs"), as and for their First Amended Third-Party Complaint against Meiré GmbH & Co.

KG, d/b/a Meiré and Meiré ("Meiré"), and Shotview Berlin Photographers Management GmbH,

d/b/a Shotview Artists Management ("Shotview"), allege as follows:

## <u>THE PARTIES</u>

        1.      Plaintiff Laspata DeCaro Corporation ("Laspata") is, upon information and belief,

a New York corporation with its principal place of business in New York, New York.  In the

original action Laspata asserted that Rimowa infringed Laspata's alleged copyrights in certain

photographs in connection with the creation of Rimowa's 2015/2016 Lookbook ("Lookbook") and related advertising campaign.

2.     Defendant-Third-Party Plaintiff Rimowa GmbH is a company organized under the laws of Germany with its principal place of business in Cologne, Germany.

3.     Defendant-Third-Party Plaintiff Rimowa Distribution, Inc. is a Delaware corporation and subsidiary of Rimowa GmbH with its principal place of business in Flower Mound, Texas.

4.     Defendant-Third-Party Plaintiff Rimowa Inc. is a Delaware corporation and subsidiary of Rimowa GmbH with its principal place of business in Flower Mound, Texas.

5.     Upon information and belief, Third-Party Defendant Meiré GmbH & Co. KG, d/b/a Meiré and Meiré ("Meiré"), is a German corporation with its principal place of business in Cologne, Germany. Meiré is a communication and design agency which designs, develops, and creates corporate and brand literature, marketing campaigns, and films for its clients.  Upon information and belief, Meiré maintained an office at 140 West 57th Street in New York, New York.

6.     Upon information and belief, Third-Party Defendant Shotview Berlin Photographers Management GmbH, d/b/a Shotview Artists Management ("Shotview"), is a German corporation with its principal place of business in Berlin, Germany.  Shotview provides photography, art direction, casting, music direction, stylist, moving image, and creative and consulting services for its clients.

## <u>JURISDICTION AND VENUE</u>

7.     This Court has subject matter jurisdiction over the claims in this third-party action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, 2202 and the Copyright Act, 17 U.S.C. § 101 *et seq*., as the third-party claims are so related to the claims in the Complaint filed in this

Action that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences.

8.      Plaintiff Laspata is subject to the personal jurisdiction of this Court because it is a domiciliary of the State of New York and therefore subject to jurisdiction pursuant to CPLR § 301 and because Laspata has accepted jurisdiction by commencing the original action giving rise to this third-party action.

9.      Third-Party Defendant Meiré is subject to the personal jurisdiction of this Court pursuant to CPLR § 302 because it transacts business within this state and contracts to provide services in the state.  Meiré is also subject to the jurisdiction of this Court because it committed a tortious act without the state causing injury to person or property within the state and it 1) regularly does or solicits business, or engages in a persistent course of conduct and derives substantial revenue from goods used or consumed in this state; or 2) should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.   The third-party claims arise from Meiré's purposeful acts and business transactions within the State of New York as set forth in more detail below.

10.     Third-Party Defendant Shotview is subject to the personal jurisdiction of this Court pursuant to CPLR § 302 because it transacts business within this state.  The third-party claims arise from Shotview's purposeful acts and business transactions within the State of New York as set forth in more detail below.

11.     Upon information and belief, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(a).

## THE INITIAL COMPLAINT

12.     The Complaint filed by Laspata asserts certain copyright infringement claims against Rimowa.

13.     Laspata more specifically alleges in its Complaint that Rimowa, without authorization, willfully reproduced, distributed and exploited Laspata's allegedly original copyrighted photographs (the "LD Images") in a Rimowa advertising and marketing campaign.

14.     Laspata asserted that Rimowa infringed Laspata's alleged copyright in the LD Images by creating works that Laspata asserted infringe Laspata's alleged copyrights (which such works are referred to as the "Alleged Infringing Images") and displaying, distributing and using the Alleged Infringing Images to market, advertise, and promote Rimowa products.

15.     Laspata asserted that Rimowa infringed Laspata's alleged copyright in the LD Images by copying the LD Images onto certain "mood boards" (the "Alleged Infringing Story Boards"), including the appearance of the Alleged Infringing Story Boards in the "Behind the Scenes Video" for the Lookbook (the "Alleged Infringing Video").

16.     Laspata further asserted that Rimowa infringed Laspata's alleged copyright in the LD Images by creating the Alleged Infringing Video.

17.     Among other relief sought in its Complaint, Laspata seeks certain injunctive relief preventing Rimowa (and its subsidiaries, directors, officers, employees, agents, and all other persons or entities acting in concert with it or on its behalf) from using any "derivative work."

18.     Pursuant to its Complaint, Laspata also seeks an award against Rimowa of the actual damages allegedly sustained by Laspata and all profits, gains, and advantages derived by Rimowa from the acts complained of, together with interest.

19.     Rimowa denies infringing any copyrights of Laspata and any other allegation of wrongful conduct.

20.     Pursuant to its Counterclaims against Laspata, Rimowa seeks a declaratory judgment of non-infringement as well as a declaratory judgment that the claimed copyrights are invalid and unenforceable because the LD Images are not new works of art or are comprised of elements that are in the public domain and are, therefore, not original.

## THIRD-PARTY COMPLAINT

21.     In or about May 9, 2014, Rimowa and Meiré, for good and valuable consideration, entered into an agreement pursuant to which Rimowa hired Meiré and Meiré agreed to design, develop, and create the Lookbook and related advertising campaign for Rimowa.

22.     Pursuant to the agreement, Meiré agreed to perform certain services for the 2015/2016 Lookbook project, including but not limited to overseeing photography, digital material, production, lighting, styling, studio, sets and props, and related services.  (*See*, *e.g.*, D.I. 51-1, Ex. 1 at pp. 2-4, translating D.I. 50-1, Ex. 1, pp. 2-4 (According to the translation provided by Meiré, Meiré stated it would provide "Initial photographic research" and "Conceptual and creative preparation of the photoshoot," which included "Creative supervision," "Request for photos and briefing," "Model request . . . including coordination and handling of model agency and contracts," "Briefing stylist, hair and make-up," "Briefing, coordination and handing of production agency," and "Preparation of 'photo script,'" aka the Alleged Infringing Story Boards.  Meiré further stated it was offering "realization of the photo shoot for the 'RIMOWA Lookbook 2015/2016' Project" including "Shoot preparation on site," "Shoot accompaniment on site," "Selection of theme after shoot in NY or LA," "Selection of theme after still shoot," "Theme acceptance," and "Coordination, planning and handling.").)

23.     Meiré and Shotview promised, warranted, represented, and agreed that Meiré and Shotview owned all copyrights and other rights in and in connection with the works to be created by Meiré and Shotview.

24.     In the agreement between Meiré and Rimowa, Meiré represented and warranted that in so far as the project deliverables were subject to copyright protection, Meiré was the author of the project deliverables.

25.     Meiré expressly reserved in the agreement all use rights as owner of the copyrights in the project deliverables.

26.     The agreement granted Rimowa a license to use the project deliverables according to the scope of the agreed contract purpose, as well as a temporally and geographically unlimited, irrevocable, exclusive and non-transferable license to the deliverables.

27.     Meiré promised and agreed to notify and inform Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

28.     Rimowa relied on the representations and warranties of Meiré and Shotview contained in their agreement.

29.     Meiré conceived of, designed, composed, developed, scripted, and created the Lookbook for Rimowa, including but not limited to the conception, design, composition, development, scripting, and creation of the Alleged Infringing Images.  (*See*, *supra*, ¶ 22.)

30.     Shotview conceived of, designed, composed, developed, scripted, and created the Alleged Infringing Images.

31.     Upon information and belief, Meiré and/or Shotview researched, located, selected, and/or presented certain "mood images" in connection with the preparation of the Lookbook for Rimowa.  (*See*, *supra*, ¶ 22.)

32.   Upon information and belief, Meiré and/or Shotview researched and located certain mood images in the Pinterest image database.

33.   Meiré and Shotview created the Alleged Infringing Images and Alleged Infringing Story Board, in whole or in substantial part, at Pier 59 Studios in New York in or about October 2014.

34.   Without limitation, Meiré and Shotview engaged in acts in New York in connection with the Lookbook, the creation of the Alleged Infringing Images, the creation of Alleged Infringing Story Boards, and the creation of the Alleged Infringing Video.

35.   Meiré and/or Shotview scouted and selected Pier 59 Studios in New York as the location of the photoshoot that resulted in the creation of the Alleged Infringing Images, Alleged Infringing Story Boards and Alleged Infringing Video.

36.   Meiré arranged for the crew, photographer and models to be in New York for the photoshoot at Pier 59 Studios.  (*See*, *supra*, ¶ 22.)

37.   Meiré arranged for or provided the production assistants and crew, digital material operator, hair stylist, make-up artist, manicurist, set design, props, lighting equipment, film and prints, catering, office facility, and made other arrangements.  (*See*, *supra*, ¶ 22.)

38.   Meiré employees, Kerstin-Anna Berger and Daniela Hartmann, were in charge of shoot preparation and directed and supervised the photoshoot for the Alleged Infringing Images based on the Alleged Infringing Storyboards at Pier 59 Studios in New York.  (*See generally*, *supra*, ¶ 22.)

39.   Shotview's photographer, Horst Diekgerdes, photographed the subjects for the Alleged Infringing Images at Pier 59 Studios in New York.

40.     Meiré and/or Shotview presented and/or used certain "mood images" on the Alleged Infringing Story Boards.

41.     Meiré represented to Rimowa at the photoshoot in New York that it was the creator and author of the Allegedly Infringing Story Boards.

42.     Meiré and Shotview participated in and/or monitored the filming of the relevant portions of the Alleged Infringing Video that filmed the Allegedly Infringing Story Boards and/or the shooting of the Alleged Infringing Images at Pier 59 Studios.

43.     Meiré is the author and copyright owner of the Alleged Infringing Images created at the New York photoshoot.

44.     Shotview is the author and copyright owner of the Alleged Infringing Images created at the New York photoshoot.

45.     Meiré granted to Rimowa an exclusive and non-transferable license to the Alleged Infringing Images.

46.     Meiré supplied the Allegedly Infringing Images and Allegedly Infringing Story Boards to Rimowa for use in the Lookbook and the Allegedly Infringing Video.

47.     Neither Meiré nor Shotview informed or notified Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

48.     Meiré was aware that Rimowa intended to use the Lookbook in its stores, including its store in New York.  (*See*, *e.g.*, D.I. 50 at ¶ 13.)

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

49.     The Defendants-Third-Party Plaintiffs repeat and reallege each and every allegation made in Paragraphs 1 through 48 of this Third-Party Complaint as if set forth fully herein.

50.     In engaging Meiré and Shotview, Rimowa relied upon Meiré's and Shotview's experience and expertise, including but not limited to the conception, design, composition, development, scripting, and creation of the Alleged Infringing Images and the Alleged Infringing Story Boards.

51.     Meiré and Shotview promised, represented, warranted and agreed that they were the authors and creators and, as a result, the owner of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards.

52.     Meiré promised and agreed to notify and inform Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

53.     Rimowa fully complied with any and all obligations to Meiré and Shotview pursuant to their agreement.

54.     Meiré and Shotview breached their contractual obligations to Rimowa to the extent that the Alleged Infringing Images infringe Laspata's claimed copyrights to the extent that Meiré and Shotview copied, presented, and/or used the LD Images without any required authorization, and/or to the extent that Meiré failed to notify and inform Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

55.     Rimowa relied on Meiré's and Shotview's representations that they were the authors and creators and, as a result, the owner of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards in using the Alleged Infringing Images and the Alleged Infringing Story Boards in the Lookbook and the Alleged Infringing Video.

56.     Defendants-Third-Party Plaintiffs have been harmed by Meiré's and Shotview's conduct.

57.     As subsidiaries of Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. are third party beneficiaries of the agreement between Meiré and Rimowa GmbH and were therefore harmed by Meiré's breach.

58.     If the Defendants-Third-Party Plaintiffs are found liable to the Plaintiff, which liability the Defendants-Third-Party Plaintiffs expressly deny, then the Third-Party Defendants are liable to the Defendants-Third-Party Plaintiffs for all damages and harm caused by Third-Party Defendants' breach of contract.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

59.     The Defendants-Third-Party Plaintiffs repeat and reallege each and every allegation made in Paragraphs 1 through 58 of this Third-Party Complaint as if set forth fully herein.

60.     Meiré and Shotview had a duty under their agreement with Rimowa to create original works in which they would own the copyrights and that would not violate the copyrights of third parties.

61.     Meiré and Shotview represented and warranted that they were the authors and creators and, as a result, the owners of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards with at least willful blindness to Laspata's alleged copyrights in violation of their duties under the agreement with Rimowa.

62.     Rimowa relied on the representations in its agreement with Meiré and Shotview that Meiré and Shotview were the owners of any copyrights in the Alleged Infringing Images, Alleged Infringing Story Boards, that Rimowa was granted a license to use these works in its Lookbook and advertising campaign, including but not limited to their use in the Alleged

Infringing Video, and that there were no legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

63.     If the Defendants-Third-Party Plaintiffs are found liable to the Plaintiff, which liability the Defendants-Third-Party Plaintiffs expressly deny, then the Third-Party Defendants are liable to the Defendants-Third-Party Plaintiffs for all damages and harm caused by Third-Party Defendants' negligent misrepresentation.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Indemnification)**

64.     The Defendants-Third-Party Plaintiffs repeat and reallege each and every allegation made in Paragraphs 1 through 63 of this Third-Party Complaint as if set forth fully herein.

65.     In engaging Meiré and Shotview, Rimowa relied upon Meiré's and Shotview's experience and expertise, including but not limited to the conception, design, composition, development, scripting, and creation of the Alleged Infringing Images and the Alleged Infringing Story Boards.

66.     In using the Alleged Infringing Images and Alleged Infringing Storyboards in the Lookbook and the Alleged Infringing Video, Rimowa relied on the representations and warranties of Meiré and Shotview, including without limitation that they owned the copyrights to the Alleged Infringing Images and Alleged Infringing Storyboards.

67.     Rimowa did not engage in any wrongful conduct.

68.     If the Defendants-Third-Party Plaintiffs are found liable to the Plaintiff, which liability the Defendants-Third-Party Plaintiffs expressly deny, then the Third-Party Defendants are liable to the Defendants-Third-Party Plaintiffs for all damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Contribution)

69.     The Defendants-Third-Party Plaintiffs repeat and re-allege each and every allegation made in Paragraphs 1-68 of this Third-Party Complaint as if set forth fully herein.

70.     Meiré and Shotview created the Alleged Infringing Images and Alleged Infringing Story Boards with the knowledge and intent that they would be used by Rimowa in its Lookbook and advertising campaign, including but not limited to their use in the Alleged Infringing Video.

71.     Meiré and Shotview knew or should have known that Laspata claimed to be the owner of copyrights in the LD Images.

72.     If the Laspata was harmed as alleged in its Complaint, such harm was caused by the negligence, gross negligence, and/or intentional conduct of the Third-Party Defendants, not Rimowa.

73.     If the Defendants-Third-Party Plaintiffs are found liable to the Plaintiff, which liability they expressly deny, and if the Defendants-Third-Party Plaintiffs pay more than their pro rata share of the liability to the Plaintiff, then the Defendants-Third-Party Plaintiffs are entitled to contribution from the Third-Party Defendants.

WHEREFORE, the Defendants-Third-Party Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. pray for judgment over and against Third-Party Defendants, Meiré and Shotview, as follows:

1.     Enter judgment in favor of the Defendants-Third-Party Plaintiffs on their claims against the Third-Party Defendants, Meiré GmbH & Co. KG, d/b/a Meiré and Meiré, and Shotview Berlin Photographers Management GmbH, d/b/a Shotview Artists Management, pursuant to the above causes of action including all actual and consequential damages, interest thereon, costs and attorneys' fees;

2.      Enter judgment in favor of the Defendants-Third-Party Plaintiffs for

indemnification from the Third-Party Defendants Meiré and Shotview; and

3.      Enter judgment in favor of the Defendants-Third-Party Plaintiffs for contribution

from the Third-Party Defendants Meiré and Shotview; and

4.      Grant such further relief as it may deem just and proper.

### JURY DEMAND

The Defendants-Third-Party Plaintiffs, Rimowa GmbH, Rimowa Distribution, Inc. and

Rimowa Inc., hereby demand a trial by jury on all issues and claims so triable.


Dated: September 16, 2016                    AXINN, VELTROP & HARKRIDER LLP
       New York, New York

                                              _/s/ Delphine W. Knight Brown
                                             Delphine W. Knight Brown
                                             Magdalena Hale Spencer
                                             114 West 47th Street
                                             New York, New York 10036
                                             Phone: (212) 728-2200
                                             Fax: (212) 728-2201
                                             *Attorneys for Defendants and Third-Party Plaintiffs*
                                             *Rimowa GmbH, Rimowa Distribution, Inc. and*
                                             *Rimowa Inc.*


Of Counsel:

William E. O'Brien (Admitted Pro Hac Vice)
Law Offices of William E. O'Brien LLC
2 Connector Road, Suite 200
Westborough, MA 01581
Tel. (781) 956-5363

*Attorneys for Defendants and Third-Party Plaintiffs*
*Rimowa GmbH, Rimowa Distribution, Inc. and*
*Rimowa Inc.*

13

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2016, I caused a true and accurate copy of the

foregoing document entitled First Amended Third-Party Complaint to be filed with the Clerk of

the Court using the Court's CM/ECF system, which will send electronic notice of the same to all

counsel of record.

Dated: September 16, 2016                    /s/ Delphine W. Knight Brown
                                             Delphine W. Knight Brown
                                             AXINN, VELTROP & HARKRIDER LLP
                                             114 West 47th Street
                                             New York, New York 10036
                                             Phone: (212) 728-2200
                                             Fax: (212) 728-2201