**AXINN, VELTROP & HARKRIDER LLP**
**Delphine W. Knight Brown**
**114 WEST 47TH STREET**
**NEW YORK, NEW YORK 10036**
**PHONE: (212) 728-2200**
**FAX: (212) 728-2201**

*Attorneys for Defendants and Counterclaim Plaintiffs*
*Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Laspata DeCaro Studio Corporation,<br><br>                    Plaintiff,<br><br>          - against -<br><br>Rimowa GmbH, Rimowa Distribution, Inc.,<br>Rimowa Inc., Meire GmbH & Co. KG d/b/a Meire<br>and Meire, and Shotview Berlin Photographers<br>Management GmbH d/b/a Shotview Artists<br>Management<br><br>                    Defendants. | Case No: 1:16-cv-00934-LGS |

**DEFENDANTS RIMOWA GMBH, RIMOWA DISTRIBUTION, INC.**
**AND RIMOWA, INC.'S FIRST AMENDED ANSWER TO**
**PLAINTIFF'S FIRST AMENDED COMPLAINT,**
<u>**COUNTERCLAIMS AND CROSS-CLAIMS**</u>

Defendants Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa, Inc. (collectively,

"Rimowa"), hereby submit their First Amended Answer to the First Amended Complaint

("Amended Complaint") of Laspata DeCaro Studio Corporation ("Laspata"), Counterclaims and

Cross-claims, as follows:

## NATURE OF THE ACTION

1.      Rimowa admits that Laspata purports to bring a civil action for copyright infringement arising under the Copyright Act, 17 U.S.C. §101 *et seq.*  Rimowa denies any other allegations contained in Paragraph 1 of the Amended Complaint.

## THE PARTIES

2.      Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies those allegations, except that Rimowa believes that Laspata is a corporation organized under the laws of New York.

3.      Rimowa admits that Rimowa GmbH is a company organized under the laws of Germany and has a website.  Rimowa denies any other allegations contained in Paragraph 3 of the Amended Complaint.

4.      Rimowa admits the allegations in Paragraph 4 of the Amended Complaint.

5.      Rimowa admits the allegations in Paragraph 5 of the Amended Complaint.

6.      Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint and therefore denies those allegations, except that Rimowa believes that Meiré GmbH & Co. KG d/b/a Meiré and Meiré ("Meiré") is a corporation organized and existing under the laws of Germany.

7.      Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies those allegations, except that Rimowa believes that Shotview Berlin Photographers Management GmbH d/b/a Shotview Artists Management ("Shotview") is a corporation organized and existing under the laws of Germany.

## JURISDICTION AND VENUE

8.      Rimowa admits that Laspata purports that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and also admits that this Court has original jurisdiction of all civil actions arising under the laws of the United States and of any civil action arising under any Act of Congress relating to copyrights.

9.      Rimowa admits that this Court has personal jurisdiction over Rimowa for the purposes of this action only.  Rimowa denies any other allegations of Paragraph 9 of the Amended Complaint that pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

10.     Rimowa admits that venue is proper in the Southern District of New York as to Rimowa.  Rimowa denies any other allegations of Paragraph 10 of the Amended Complaint that pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

## RELEVANT FACTS

11.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies those allegations.

12.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies those allegations.

13.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies those allegations.

14.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies those allegations.

15.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies those allegations, except that Rimowa admits that Exhibit A to the Amended Complaint purports to be a copy of a Certificate of Registration for United States Copyright Office Registration No. 1-983-795.

16.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies those allegations, except that Rimowa admits that Exhibit B to the Amended Complaint purports to be a copy of a Certificate of Registration for United States Copyright Office Registration No. 1-980-010.

17.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies those allegations, except that Rimowa admits that Exhibit C to the Amended Complaint purports to be a copy of a Certificate of Registration for United States Copyright Office Registration No. 1-980-007.

18.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies

those allegations, except that Rimowa admits that Exhibit D to the Amended Complaint purports

to be a copy of a Certificate of Registration for United States Copyright Office Registration No.

1-979-998.

19.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies

those allegations.

20.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth

of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies

those allegations.

21.     Rimowa admits that it entered into an agreement to hire Meiré to create an

advertising campaign for some of Rimowa's products.  Rimowa lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the

Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining

allegations.

22.      Rimowa admits that Meiré developed an advertising campaign in or around early

2015 for some of Rimowa's products.  Rimowa denies the remaining allegations contained in

Paragraph 22 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge

or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 22 of the Amended Complaint as they pertain to Meiré or Shotview and therefore

denies the remaining allegations.

23.     Rimowa denies the allegations contained in Paragraph 23 of the Amended

Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to

form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

24.     Rimowa denies the allegations contained in Paragraph 24 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

25.     Rimowa denies the allegations contained in Paragraph 25 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

26.     Rimowa denies the allegations contained in Paragraph 26 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

27.     Rimowa denies the allegations contained in Paragraph 27 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

28.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28 of the Amended Complaint and therefore denies those allegations.  Rimowa denies any other allegations contained in Paragraph 28 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in

6

Paragraph 28 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

29.     Rimowa denies the allegations contained in Paragraph 29 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

30.     Rimowa denies the allegations contained in Paragraph 30 of the Amended Complaint as they pertain to Rimowa and refers the Court to Exhibit H to the Amended Complaint for the content thereof.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

31.     Rimowa denies the allegations contained in Paragraph 31 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

32.     Rimowa denies the allegations contained in Paragraph 32 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

33.     Rimowa denies the allegations contained in Paragraph 33 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

<u>**COUNT I**</u>

**(Copyright Infringement of the LD Images in the Rimowa Print and Web Campaign)**

34.     Rimowa repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 33 of the Amended Complaint as if fully set forth herein.

35.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint and therefore denies those allegations.

36.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and therefore denies those allegations, and refers the Court to the registration certificates with the registration numbers referred to in Paragraph 36 for the content thereof.

37.     Rimowa denies the allegations contained in Paragraph 37 of the Amended Complaint as they pertain to Rimowa, except admits that Laspata did not directly license the LD Images to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

38.     Rimowa denies the allegations contained in Paragraph 38 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

39.     Rimowa denies the allegations contained in Paragraph 39 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

40.     Rimowa denies the allegations contained in Paragraph 40 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

## COUNT II

### (Copyright Infringement of the LD Images in the Rimowa Story Boards)

41.     Rimowa repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and therefore denies those allegations.

43.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint and therefore denies those allegations, and refers the Court to the registration certificates with the registration numbers referred to in Paragraph 43 for the content thereof.

44.     Rimowa denies the allegations contained in paragraph 44 of the Amended Complaint as they pertain to Rimowa, except admits that Laspata did not directly license the LD Images to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

45.     Rimowa denies the allegations contained in Paragraph 45 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

46.     Rimowa denies the allegations contained in Paragraph 46 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

47.     Rimowa denies the allegations contained in Paragraph 47 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

48.     Rimowa denies the allegations contained in Paragraph 48 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

## COUNT III

### (Copyright Infringement of the LD Images in the Rimowa Video)

49.     Rimowa repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 of the Amended Complaint as if fully set forth herein.

50.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint and therefore denies those allegations.

51.     Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint and therefore denies those allegations, and refers the Court to the registration certificates with the registration numbers referred to in Paragraph 51 for the content thereof.

52.     Rimowa denies the allegations contained in Paragraph 52 of the Amended Complaint as they pertain to Rimowa, except admits that Laspata did not directly license the LD Images to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

53.     Rimowa denies the allegations contained in Paragraph 53 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

54.     Rimowa denies the allegations contained in Paragraph 54 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

55.     Rimowa denies the allegations contained in Paragraph 55 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

56.     Rimowa denies the allegations contained Paragraph 56 of the Amended Complaint as they pertain to Rimowa.  Rimowa lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint as they pertain to Meiré or Shotview and therefore denies the remaining allegations.

## DEMAND FOR RELIEF

Rimowa does not believe that Laspata is entitled to any of the relief sought in its Demand for Relief.  Rimowa requests that the Court dismiss Plaintiff's claims with prejudice, award Rimowa its attorneys' fees and costs, and enter such further relief as is just and appropriate.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Rimowa asserts the defenses set forth below.  These defenses are asserted by Rimowa based upon an investigation of the asserted allegations that is not complete and pending the results of discovery from Laspata.

Rimowa reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defense, at law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Rimowa has not directly or indirectly infringed, and does not infringe (either directly or indirectly), any valid copyright or copyright rights of Plaintiff, including, without limitation, any copyright rights in the works that are the subject of Plaintiff's Amended Complaint.  Therefore, Rimowa is not liable to Plaintiff for copyright infringement.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

## FOURTH AFFIRMATIVE DEFENSE

At all times, Rimowa acted in good faith and in a commercially reasonable and lawful manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by equitable estoppel because, i.e., Plaintiff claims copyright protection for works copied in whole or in part from the pre-existing works of others.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged copyrights are invalid and/or unenforceable because they fail to meet one or more of the conditions for copyrightability.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claims fail because the alleged infringing works are not substantially similar to the alleged copyrighted works or any original or protected elements of such alleged copyrighted works.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claims are barred by the doctrines of merger and/or scenes á faire.

## NINTH AFFIRMATIVE DEFENSE

Any damages allegedly sustained by Plaintiff are the proximate result of the acts and/or omissions of independent third parties over which Rimowa exercised no control.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412(2)) since Plaintiff did not seek to register its claims of copyright prior to Rimowa's alleged infringement or within three months after first publication of its works.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claims are barred as the photographs which Plaintiff claimed were copied, were not copied by Rimowa.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright claims are barred to the extent that Plaintiff claims rights to elements of works that are functional, not original, or are otherwise not protectable by copyright and/or are not protected by the copyright registrations referred to by Plaintiff in its Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for copyright infringement are barred by the doctrine of *de minimis* copying, as Rimowa's alleged use of any protectable portions of Plaintiff's works has been *de minimis*.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff authorized, impliedly or explicitly, the alleged infringing use.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of implied license.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of consent and acquiescence to the use of the works.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it has forfeited its intellectual property.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Rimowa.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the statutory damages sought are unconstitutionally excessive and disproportionate to any actual damages that may have been sustained.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that it lacks valid copyright registrations for the intellectual property rights asserted or has not properly or timely registered such works.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred on the grounds set forth in the Counterclaims below, which are incorporated herein by reference.

## COUNTERCLAIMS

1.      Defendants and Counterclaim Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa, Inc. (collectively referred to herein as "Rimowa") assert claims for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and the copyright laws of the United States, 17 U.S.C. § 101, *et seq*. of non-infringement and invalidity of alleged copyrights in certain photographs of Plaintiff and Counterclaim Defendant Laspata DeCaro Studio Corporation ("Laspata").

2.      On February 8, 2016, Laspata filed an action alleging copyright infringement of its "LD Images" by Rimowa.

3.      Rimowa denies infringing any valid copyrights of Laspata.

4.      An actual case or controversy exists between Laspata and Rimowa, Rimowa seeks a declaratory judgment that Rimowa has not infringed any Laspata copyright.

5.      Rimowa also seeks a declaratory judgment adjudicating that Copyright Registrations Nos. VA 1-983-795, VA 1-980-010, VA 1-980-007 and VA 1-979-998 (collectively, the "Registered Copyrights") registered to Laspata are invalid and unenforceable because they are not new works of art or are comprised of elements that are in the public domain and are, therefore, not original.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as the counterclaims are so related to the claims in the Amended Complaint that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences.

7.      This Court has personal jurisdiction over Laspata, which is a New York corporation and which, upon information and belief, has a principal place of business in New York, New York.

8.      To the extent that venue for the underlying Amended Complaint is proper, venue in this judicial district for these counterclaims is proper under 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(a).

## THE PARTIES

9.      Rimowa GmbH is a company organized under the laws of Germany with its principal place of business in Cologne, Germany.

10.     Rimowa Distribution, Inc. is a Delaware corporation with its principal place of business in Flower Mound, Texas.

11.     Rimowa, Inc. is a Delaware corporation with its principal place of business in Flower Mound, Texas.

12.     Upon information and belief, Laspata is a New York corporation with its principal place of business in New York, New York.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

13.     Rimowa repeats and realleges the above Paragraphs 1 through 12 of these Counterclaims as if fully set forth herein.

14.     In its Amended Complaint, Laspata claims that Rimowa infringed its alleged copyrights in photographs entitled "Karlie, Clement & Uggie," "Karlie Feeding Uggie," "Karlie Dancing" and "Karlie & Clement in Pursuit" (collectively referred to herein as the "LD Images") by copying "original and protected elements from the LD Images that are unique to LD's expression of the 1920's era, including but not limited to, the poses of the photograph subjects;

17

the lighting, angle perspective and viewpoint of the photographs; the relative placement of the photograph subjects; and the use of backdrops and props." (Amended Complaint at ¶ 23).

15.     Copyright infringement requires that the allegedly infringing work bear substantial similarity in its appearance to the copyrightable features of a copyrighted work, without consideration of non-copyrighted features of the work.

16.     The poses of the actors in the "Karlie, Clement & Uggie" photograph and in the allegedly infringing photograph are different.

17.     The lighting in the "Karlie, Clement & Uggie" photograph and in the allegedly infringing photograph is not the same.

18.     The placement of the subjects in the "Karlie, Clement & Uggie" photograph and in the allegedly infringing photograph is unoriginal and insignificant.

19.     The use of backdrops in the "Karlie, Clement & Uggie" photograph and in the allegedly infringing photograph are entirely different.

20.     The use of props in the "Karlie, Clement & Uggie" photograph and in the allegedly infringing photograph are not significantly similar.

21.     The poses of the actors in the "Karlie Feeding Uggie" photograph and in the allegedly infringing photograph are different.

22.     The lighting in the "Karlie Feeding Uggie" photograph and in the allegedly infringing photograph is different.

23.     The placement of the subjects in the "Karlie Feeding Uggie" photograph and in the allegedly infringing photograph is unoriginal and insignificant.

24.     The use of backdrops in the "Karlie Feeding Uggie" photograph and in the allegedly infringing photograph are entirely different.

25.     The use of props in the "Karlie Feeding Uggie" photograph and in the allegedly infringing photograph are not significantly similar.

26.     The poses of the actors in the "Karlie Dancing" photograph and in the allegedly infringing photograph are different.

27.     The lighting in the "Karlie Dancing" photograph and in the allegedly infringing photograph is not the same.

28.     The placement of the subjects in the "Karlie Dancing" photograph and in the allegedly infringing photograph is unoriginal and insignificant.

29.     The use of backdrops in the "Karlie Dancing" photograph and in the allegedly infringing photograph are entirely different.

30.     The use of props in the "Karlie Dancing" photograph and in the allegedly infringing photograph allegedly are entirely different.

31.     The poses of the actors in the "Karlie & Clement in Pursuit" photograph and in the allegedly infringing photograph are different.

32.     The lighting in the "Karlie & Clement in Pursuit" photograph and in the allegedly infringing photograph allegedly is different.

33.     The placement of the subjects in the "Karlie & Clement in Pursuit" photograph and in the allegedly infringing photograph is unoriginal and insignificant.

34.     The use of backdrops in the "Karlie & Clement in Pursuit" photograph and in the allegedly infringing photograph are entirely different.

35.     The use of props in the "Karlie & Clement in Pursuit" photograph and in the allegedly infringing photograph are not significantly similar.

36.     In addition, Laspata's Registered Copyrights do not show any original, creative and non-functional features that are substantially similar to any of the elements in the photographs used by Rimowa. Therefore, infringement of the Registered Copyrights cannot be proven.

37.     Rimowa has not infringed and is not infringing any valid copyright of Laspata.

38.     Rimowa is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Rimowa has not infringed and is not infringing any valid copyright of Laspata.

## COUNT II
### (Declaratory Judgment of Invalid Copyrights)

39.     Rimowa repeats and realleges the above Paragraphs 1 through 38 of these Counterclaims as if fully set forth herein.

40.     Laspata's copyright claims and registrations are invalid and unenforceable under the copyright laws of the United States.

41.     The elements of Laspata's photographs that are the subject of its Amended Complaint do not constitute original works.  Such elements claimed to be original have appeared in countless publicly available photographs pre-existing Laspata's photographs.

42.     The poses of the actors in the Laspata Photographs are commonplace and unoriginal elements not capable of copyright protection.

43.     The angle, perspective and viewpoint shown in the "Karlie, Clement and Uggie" photograph are commonplace and unoriginal elements not capable of copyright protection.

44.     The angle, perspective and viewpoint shown in the "Karlie Feeding Uggie" photograph are commonplace and unoriginal elements not capable of copyright protection.

45.     The angle, perspective and viewpoint shown in the "Karlie Dancing" photograph are commonplace and unoriginal elements not capable of copyright protection.

20

46. The angle, perspective and viewpoint shown in the "Karlie & Clement in Pursuit" photograph are commonplace and unoriginal elements not capable of copyright protection.

47. The use of backlighting is a commonplace and unoriginal element not capable of copyright protection.

48. The relative placement of subjects in the Laspata photographs are commonplace and unoriginal elements not capable of copyright protection.

49. The use of backdrops and props are commonplace and unoriginal elements not capable of copyright protection.

50. Laspata's copyrights are invalid and unenforceable.

51. Rimowa is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that Laspata's copyrights are invalid and unenforceable.

## CROSS-CLAIMS

52.     Defendants and Cross-Claim Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. (hereinafter collectively referred to "Rimowa"), as and for their Cross-Claims against Defendant Meiré GmbH & Co. KG, d/b/a Meiré and Meiré ("Meiré"), allege as follows:

## THE PARTIES

53.     Plaintiff Laspata DeCaro Corporation ("Laspata") is, upon information and belief, a New York corporation with its principal place of business in New York, New York.  Laspata has asserted that Rimowa infringed Laspata's alleged copyrights in certain photographs in connection with the creation of Rimowa's 2015/2016 Lookbook ("Lookbook") and related advertising campaign.

54.     Rimowa GmbH is a company organized under the laws of Germany with its principal place of business in Cologne, Germany.                    .

55.     Rimowa Distribution, Inc. is a Delaware corporation and subsidiary of Rimowa GmbH & Co. Distribution KG with its principal place of business in DFW Airport, Texas.

56.     Rimowa Inc. is a Delaware corporation and subsidiary of Rimowa GmbH with its principal place of business in DFW Airport, Texas.

57.     Upon information and belief, Cross-Claim Defendant Meiré, is a German corporation with its principal place of business in Cologne, Germany. Meiré is a communication and design agency which designs, develops, and creates corporate and brand literature, marketing campaigns, and films for its clients.  Upon information and belief, Meiré maintained an office at 140 West 57th Street in New York, New York.

## JURISDICTION AND VENUE

58.     This Court has subject matter jurisdiction over these cross-claims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, 2202 and the Copyright Act, 17 U.S.C. § 101 *et seq*., as the cross-claims are so related to the claims asserted in both the Complaint and the Amended Complaint filed in this Action that they form part of the same case or controversy and arise out of common facts, transactions, or occurrences.

59.     Plaintiff Laspata is subject to the personal jurisdiction of this Court because it is a domiciliary of the State of New York and therefore subject to jurisdiction pursuant to CPLR 301 and because Laspata has accepted jurisdiction by commencing the original action giving rise to the original action.

60.     Cross-Claim Defendant Meiré is subject to the personal jurisdiction of this Court pursuant to CPLR 302 because it transacts business within this state and contracts to provide services in the state.  Meiré is also subject to the jurisdiction of this Court because it committed a tortious act without the state causing injury to person or property within the state and it 1) regularly does or solicits business, or engages in a persistent course of conduct and derives substantial revenue from goods used or consumed in this state; or 2) should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.   The cross-claims arise from Meiré's purposeful acts and business transactions within the State of New York as set forth in more detail below.

61.     Upon information and belief, venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and/or 1400(a).

## **LASPATA'S AMENDED COMPLAINT**

62.     The Amended Complaint filed by Laspata asserts certain copyright infringement claims against Rimowa, Meiré and Shotview Berlin Photographers Management GmbH, d/b/a Shotview Artists Management ("Shotview") (collectively, "Defendants").

63.     Laspata more specifically alleges in its Amended Complaint that Defendants, without authorization, willfully reproduced, distributed and exploited Laspata's allegedly original copyrighted photographs (the "LD Images") in a Rimowa advertising and marketing campaign.

64.     Laspata asserted that Defendants infringed Laspata's alleged copyright in the LD Images by creating works that Laspata asserted infringe Laspata's alleged copyrights (which such works are referred to as the "Alleged Infringing Images") and displaying, distributing and using the Alleged Infringing Images to market, advertise, and promote Rimowa products.

65.     Laspata asserted that Defendants infringed Laspata's alleged copyright in the LD Images by copying the LD Images onto certain "mood boards" (the "Alleged Infringing Story Boards"), including the appearance of the Alleged Infringing Story Boards in the "Behind the Scenes Video" for the Lookbook (the "Alleged Infringing Video").

66.     Laspata further asserted that Defendants infringed Laspata's alleged copyright in the LD Images by filming the Alleged Infringing Images and/or Alleged Infringing Story Boards in the Alleged Infringing Video.

67.     Among other relief sought in its Amended Complaint, Laspata seeks certain injunctive relief preventing Defendants (and their subsidiaries, directors, officers, employees, agents, and all other persons or entities acting in concert with or on behalf of Defendants) from using any "derivative work."

24

68.     Pursuant to its Amended Complaint, Laspata also seeks an award against Defendants of the actual damages allegedly sustained by Laspata and all profits, gains, and advantages derived by Defendants from the acts complained of, together with interest.

69.     Rimowa denies infringing any copyrights of Laspata and any other allegation of wrongful conduct.

70.     Pursuant to its Counterclaims against Laspata, Rimowa seeks a declaratory judgment of non-infringement as well as a declaratory judgment that the claimed copyrights are invalid and unenforceable because the LD Images are not new works of art or are comprised of elements that are in the public domain and are, therefore, not original.

## CROSS-CLAIM RELEVANT FACTS

71.     In or about May 9, 2014, Rimowa and Meiré, for good and valuable consideration, entered into an agreement pursuant to which Rimowa hired Meiré and Meiré agreed to design, develop, and create the Lookbook and related advertising campaign for Rimowa.

72.     Pursuant to the agreement, Meiré agreed to perform certain services for the 2015/2016 Lookbook project, including but not limited to overseeing photography, digital material, production, lighting, styling, studio, sets and props, and related services.  (*See, e.g.*, D.I. 51-1, Ex. 1 at pp. 2-4, translating D.I. 50-1, Ex. 1, pp. 2-4 (According to the translation provided by Meiré, Meiré stated it would provide "Initial photographic research" and "Conceptual and creative preparation of the photoshoot," which included "Creative supervision," "Request for photos and briefing," "Model request . . . including coordination and handling of model agency and contracts," "Briefing stylist, hair and make-up," "Briefing, coordination and handing of production agency," and "Preparation of 'photo script,'" aka the Alleged Infringing

Story Boards.  Meiré further stated it was offering "realization of the photo shoot for the 'RIMOWA Lookbook 2015/2016' Project" including "Shoot preparation on site," "Shoot accompaniment on site," "Selection of theme after shoot in NY or LA," "Selection of theme after still shoot," "Theme acceptance," and "Coordination, planning and handling.").)

73.     Meiré hired Shotview as the photographer for the Lookbook project.

74.     Meiré promised, warranted, represented, and agreed that Meiré owned all copyrights and other rights in and in connection with the works to be created by Meiré and Shotview.

75.     In the agreement between Meiré and Rimowa, Meiré represented and warranted that, in so far as the project deliverables were subject to copyright protection, Meiré was the author of the project deliverables.

76.     Meiré expressly reserved in the agreement all use rights as the owner of the copyrights in the Lookbook project deliverables.

77.     The agreement granted Rimowa a license to use the Lookbook project deliverables according to the scope of the agreed contract purpose, as well as a temporally and geographically unlimited, irrevocable, exclusive and non-transferable license to the deliverables.

78.     Meiré promised and agreed to notify and inform Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

79.     Rimowa relied on the representations and warranties of Meiré contained in their agreement.

80.     Meiré conceived of, designed, composed, developed, scripted, and created the Lookbook for Rimowa, including but not limited to the conception, design, composition,

development, scripting, and creation of the Alleged Infringing Images and the Alleged Infringing Story Boards.  (*See, supra*, ¶ 72.)

81.　　Meiré and/or Shotview at Meiré's direction conceived of, designed, composed, developed, scripted, and created the Alleged Infringing Images.

82.　　Upon information and belief, Meiré and/or Shotview, at or under Meiré's direction and control, researched, located, selected, and/or presented certain "mood images" in connection with the preparation of the Lookbook for Rimowa.  (*See*, *supra*, ¶ 72.)

83.　　Upon information and belief, Meiré and/or Shotview, at or under Meiré's direction and control, researched and located certain mood images in the Pinterest image database.

84.　　Meiré and/or Shotview, at or under Meiré's direction and control, created the Alleged Infringing Images and Alleged Infringing Story Board, in whole or in substantial part, at Pier 59 Studios in New York in or about October 2014.

85.　　Without limitation, Meiré and Shotview, at or under Meiré's direction and control, engaged in acts in New York in connection with the Lookbook, the creation of the Alleged Infringing Images, the creation of Alleged Infringing Story Boards, and the filming of that creation in the Alleged Infringing Video.

86.　　Meiré and/or Shotview, at or under Meiré's direction and control, scouted and selected Pier 59 Studios in New York as the specific location for the photoshoot that resulted in the creation of the Alleged Infringing Images, Alleged Infringing Story Boards, and Alleged Infringing Video.

87.　　Meiré arranged for the crew, photographer and models to be in New York for the photoshoot at Pier 59 Studios.  (*See, supra*, ¶ 72.)

88.     Meiré arranged for or provided the production assistants and crew, digital material operator, hair stylist, make-up artist, manicurist, set design, props, lighting equipment, film and prints, catering, office facility, and made other arrangements.  (*See*, *supra*, ¶ 72.)

89.     Meiré employees, Kerstin-Anna Berger and Daniela Hartmann, were in charge of shoot preparation and directed and supervised the photoshoot for the Alleged Infringing Images based on the Alleged Infringing Storyboards at Pier 59 Studios in New York.  (*See generally*, *supra*, ¶ 72.)

90.     Shotview's photographer, Horst Diekgerdes, at or under Meiré's direction and control, photographed the subjects for the Alleged Infringing Images at Pier 59 Studios in New York.

91.     Meiré and/or Shotview presented and/or used certain "mood images" on the Alleged Infringing Story Boards.

92.     Meiré represented to Rimowa at the photoshoot in New York that it was the creator and author of the Alleged Infringing Story Boards.

93.     Meiré and Shotview, at or under Meiré's direction and control, participated in and/or monitored the filming of the relevant portions of the Alleged Infringing Video that filmed the Alleged Infringing Story Boards and/or the creation of the Alleged Infringing Images at Pier 59 Studios.

94.     Meiré is the claimed author and copyright owner of the Alleged Infringing Images created at the New York photoshoot.

95.     Meiré granted to Rimowa an exclusive and non-transferable license to the Alleged Infringing Images.

96.     Meiré supplied the Alleged Infringing Images and Alleged Infringing Story Boards to Rimowa for use in the Lookbook and the Alleged Infringing Video.

97.     Meiré did not inform or notify Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

98.     Meiré was aware that Rimowa intended to use the Lookbook in its stores, including its store in New York.  (*See, e.g.*, D.I. 50 at ¶ 13.)

## CROSS-CLAIM I
### (Breach of Contract)

99.     Rimowa repeats and re-alleges each and every allegation made in Paragraphs 52 through 98 as if set forth fully herein.

100.     In engaging Meiré, Rimowa relied upon Meiré's experience and expertise, including but not limited to the conception, design, composition, development, scripting, and creation of the Alleged Infringing Images and the Alleged Infringing Story Boards.

101.     Meiré promised, represented, warranted and agreed that it was the author and creator and, as a result, the owner of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards.

102.     Meiré promised and agreed to notify and inform Rimowa of any legal issues or concerns regarding the works to be created by Meiré and/or Shotview.

103.     Rimowa fully complied with any and all obligations to Meiré pursuant to their agreement.

104.     Meiré breached its contractual obligations to Rimowa to the extent that the Alleged Infringing Images infringe Laspata's claimed copyrights to the extent that Meiré copied, presented, and/or used the LD Images without any required authorization, and/or to the extent

that Meiré failed to notify and inform Rimowa of any legal issues or concerns regarding the works created by Meiré and/or Shotview.

105.    Rimowa relied on Meiré's representations that it was the author and creator and, as a result, the owner of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards in using the Alleged Infringing Images and the Alleged Infringing Story Boards in the Lookbook and the Alleged Infringing Video.

106.    Rimowa have been harmed by Meiré's conduct.

107.    As subsidiaries of Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. are third-party beneficiaries of the agreement between Meiré and Rimowa GmbH and were therefore harmed by Meiré's breach.

108.    If Rimowa is found liable to the Plaintiff, which liability Rimowa expressly denies, then the Cross-Claim Defendant is liable to Rimowa for all damages and harm caused by Cross-Claim Defendant's breach of contract.

## CROSS-CLAIM II
### (Negligent Misrepresentation)

109.    Rimowa repeats and re-alleges each and every allegation made in Paragraphs 52 through 108 as if set forth fully herein.

110.    Meiré had a duty under its agreement with Rimowa to create original works in which it would own the copyrights and that would not violate the copyrights of third parties.

111.    Meiré represented and warranted that it was the author and creator and, as a result, the owner of any copyrights in the Alleged Infringing Images and the Alleged Infringing Story Boards with at least willful blindness as to Laspata's alleged copyrights in violation of its duties under the agreement with Rimowa.

112.    Rimowa relied on the representations in its agreement with Meiré that Meiré was the owner of any copyrights in the Alleged Infringing Images, Alleged Infringing Story Boards, that Rimowa was granted a license to use these works in its Lookbook and advertising campaign, including but not limited to their use in the Alleged Infringing Video, and that there were no legal issues or concerns regarding the works created by Meiré and/or Shotview.

113.    If Rimowa is found liable to the Plaintiff, which liability Rimowa expressly denies, then the Cross-Claim Defendant is liable to Rimowa for all damages and harm caused by Cross-Claim Defendant's negligent misrepresentation

## CROSS-CLAIM III
### (Indemnification)

114.    Rimowa repeats and re-alleges each and every allegation made in Paragraphs 52 through 113 as if set forth fully herein.

115.    In engaging Meiré, Rimowa relied upon Meiré's experience and expertise, including but not limited to the conception, design, composition, development, scripting, oversight of personnel, including photographers, and creation of the Alleged Infringing Images and the Alleged Infringing Story Boards.

116.    In using the Alleged Infringing Images and Alleged Infringing Storyboards in the Lookbook and the Alleged Infringing Video, Rimowa relied on the representations and warranties of Meiré, including without limitation that it owned the copyrights to the Alleged Infringing Images and Alleged Infringing Storyboards.

117.    Rimowa did not engage in any wrongful conduct.

118.    If Rimowa is found liable to the Plaintiff, which liability Rimowa expressly denies, then the Cross-Claim Defendant is liable to Rimowa for all damages.

## CROSS-CLAIM IV

**(Contribution)**

119.    Rimowa repeats and re-alleges each and every allegation made in Paragraphs 52 through 118 as if set forth fully herein.

120.    Meiré created the Alleged Infringing Images and Alleged Infringing Story Boards with the knowledge and intent that they would be used by Rimowa in its Lookbook and advertising campaign, including but not limited to their use in the Alleged Infringing Video.

121.    Meiré knew or should have known that Laspata claimed to be the owner of copyrights in the LD Images.

122.    If Laspata was harmed, as alleged in its Complaint and Amended Complaint, such harm was caused by the negligence, gross negligence, and/or intentional conduct of the Cross-Claimant Defendant, Meiré, and not Rimowa.

123.    If Rimowa is found liable to the Plaintiff, which liability Rimowa expressly denies, and if Rimowa pays more than its pro rata share of the liability to the Plaintiff, then Rimowa is entitled to contribution from the Cross-Claim Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendants and Counterclaim and Cross-Claim Plaintiffs Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa, Inc. pray for judgment against Plaintiff and Counterclaim Defendant Laspata DeCaro Studio Corporation and against Cross-Claim Defendant, Meiré GmbH & Co. KG, d/b/a Meiré and Meiré, as follows:

1.      That Laspata's Amended Complaint be dismissed with prejudice, at Laspata's cost, and that Laspata take nothing by way of its Amended Complaint;

2.      That the Court declare and render judgment that Rimowa has not infringed any valid Laspata copyright;

3.      That the Court declare and render judgment that the use of the elements referred to by Laspata as "the poses of the photograph subjects; the lighting, angle perspective and viewpoint of the photographs; the relative placement of the photograph subjects; and the use of backdrops and props" do not infringe Laspata's Registered Copyrights;

4.      That the Court declare and render judgment that Laspata's LD Images are not entitled to copyright protection;

5.      That the Court declare and render a judgment that Laspata's Registered Copyrights are unenforceable;

6.      That the Court award Rimowa its reasonable attorneys' fees and costs associated with this action;

7.      That the Court enter judgment in favor of Rimowa on its claims against the Cross-Claim Defendant Meiré, pursuant to the above causes of action including all actual and consequential damages, interest thereon, costs and attorneys' fees;

8.      That the Court enter judgment in favor of Rimowa for indemnification from the Cross-Claim Defendant Meiré;

33

9.      Enter judgment in favor of Rimowa for contribution from the Cross-Claim

Defendant Meiré; and

10.      That the Court grant to Rimowa such other and further relief as may be just and

proper.


Dated: October 28, 2016

                                        AXINN, VELTROP & HARKRIDER LLP


                                        __s/ Delphine W. Knight Brown_____
                                        Delphine W. Knight Brown

                                        114 West 47th Street
                                        New York, New York 10036
                                        Phone: (212) 728-2200
                                        Fax: (212) 728-2201

                                        William E. O'Brien
                                        Law Offices of William E. O'Brien, LLC
                                        2 Connector Road, Suite 200
                                        Westborough, MA 01581
                                        Phone: (781) 956-5363

                                        *Attorneys for Defendants and Counterclaim Plaintiffs Rimowa GmbH, Rimowa Distribution Inc. and Rimowa Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 28, 2016, I caused a true and accurate copy of the

foregoing document entitled DEFENDANTS RIMOWA GMBH, RIMOWA DISTRIBUTION,

INC. AND RIMOWA, INC.'S FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST

AMENDED COMPLAINT, COUNTERCLAIMS AND CROSS-CLAIMS to be filed with the

Clerk of the Court using the Court's CM/ECF system, which will send electronic notice of the

same to all counsel of record.


Dated: October 28, 2016

                                                        /s/ Delphine Knight Brown
                                                        Delphine W. Knight Brown
                                                        114 West 47th Street
                                                        New York, New York 10036
                                                        Phone: (212) 728-2200
                                                        Fax: (212) 728-2201