**KILPATRICK TOWNSEND & STOCKTON LLP**

Lisa Pearson (LP4916)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: lpearson@kilpatricktownsend.com

Sabina A. Vayner (*admitted pro hac vice*)
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: svayner@kilpatricktownsend.com

*Attorneys for Defendant*
*Meiré GmbH & Co. KG d/b/a Meiré and Meiré*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LASPATA DECARO STUDIO CORPORATION, | ) |
| Plaintiff/Counter-Defendant, | ) ) ) Civil Action No. 16-cv-0934 (LGS) |
| v. | ) ) |
| RIMOWA GMBH, RIMOWA DISTRIBUTION INC., and RIMOWA INC., | ) ) ) |
| Defendants/Counter-Plaintiffs/ Third-Party Plaintiffs, | ) ) ) ) |
| *and* | ) ) |
| v. | ) ) |
| MEIRÉ GMBH & CO. KG d/b/a MEIRÉ AND MEIRÉ and SHOTVIEW BERLIN PHOTOGRAPHERS MANAGEMENT GMBH d/b/a SHOTVIEW ARTISTS MANAGEMENT, | ) ) ) ) ) |
| Defendants and Third-Party Defendants. | ) ) ) |

**DEFENDANT MEIRÉ GMBH & CO. KG d/b/a MEIRÉ AND MEIRÉ'S ANSWER TO PLAINTIFF LASPATA DECARO STUDIO CORPORATION'S FIRST AMENDED COMPLAINT**

Defendant Meiré GmbH & Co. KG d/b/a Meiré and Meiré ("Meiré") submits its Answer to the First Amended Complaint ("Amended Complaint") filed by Plaintiff Laspata DeCaro Studio Corporation ("Laspata"). Except as otherwise expressly admitted, Meiré denies each and every allegation contained in the Amended Complaint. For the avoidance of doubt, all headings in this Answer are identical to those stated in the Amended Complaint for the sake of clarity only, and Meiré denies any allegations contained in Laspata's headings.

## NATURE OF THE ACTION

1. Meiré admits that Laspata purports to bring a civil action for copyright infringement arising under the Copyright Act, 17 U.S.C. §101 *et seq*. Meiré denies all remaining allegations contained in Paragraph 1 of the Amended Complaint.

## THE PARTIES

2. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint and therefore denies those allegations.

3. Meiré admits that Rimowa GmbH is a company organized under the laws of Germany and has a website. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3 of the Amended Complaint and therefore denies those allegations.

4. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Amended Complaint and therefore denies those allegations.

5. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Amended Complaint and therefore denies those allegations.

6. Meiré admits that it is a corporation organized and existing under the laws of Germany, with its principal place of business in Cologne, Germany. Meiré denies all remaining allegations contained in Paragraph 6 of the Amended Complaint.

7. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint and therefore denies those allegations, except that Meiré believes Shotview Berlin Photographers Management GmbH d/b/a Shotview Artists Management ("Shotview") is a corporation organized and existing under the laws of Germany, with a principal place of business in Berlin, Germany.

## JURISDICTION AND VENUE

8. Meiré admits that Laspata purports to state that this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 and that this Court has original jurisdiction of all civil actions arising under the laws of the United States and of any civil action arising under any Act of Congress relating to copyrights, but denies that Laspata has any viable copyright infringement claim.

9. Meiré denies the allegations contained in Paragraph 9 of the Amended Complaint as they pertain to Meiré. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint as they pertain to the other Defendants and therefore denies the remaining allegations.

10. Meiré denies the allegations contained in Paragraph 10 of the Amended Complaint as they pertain to Meiré. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint as they pertain to the other Defendants and therefore denies the remaining allegations.

**RELEVANT FACTS**

11.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint and therefore denies those allegations.

12.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint and therefore denies those allegations.

13.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint and therefore denies those allegations.

14.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint and therefore denies those allegations.

15.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint and therefore denies those allegations, except that Meiré admits Exhibit A to the Amended Complaint purports to be a copy of a Certificate of Registration from the U.S. Copyright Office for Registration No. 1-983-795.

16.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint and therefore denies those allegations, except that Meiré admits Exhibit B to the Amended Complaint purports to be a copy of a Certificate of Registration from the U.S. Copyright Office for Registration No. 1-980-010.

17.     Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint and therefore denies those

allegations, except that Meiré admits Exhibit C to the Amended Complaint purports to be a copy of a Certificate of Registration from the U.S. Copyright Office for Registration No. 1-980-007.

18. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint and therefore denies those allegations, except that Meiré admits Exhibit D to the Amended Complaint purports to be a copy of a Certificate of Registration from the U.S. Copyright Office for Registration No. 1-979-998.

19. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint and therefore denies those allegations.

20. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint and therefore denies those allegations. Meiré further avers that some or all of the "LD Images" are derivative works based upon preexisting material and that, under Section 103(b) of the Copyright Act, "[t]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material."

21. Meiré admits that, on or about May 9, 2014, it entered into an agreement with Rimowa GmbH to create an advertising campaign for certain of Rimowa GmbH's products, and that Meiré and/or Rimowa GmbH retained Shotview to provide photography and other related services in connection with the creation of this campaign. Meiré denies all remaining allegations contained in Paragraph 21 of the Amended Complaint.

22. Meiré admits that Meiré, Rimowa GmbH, and Shotview developed an advertising campaign for certain of Rimowa GmbH's products in or around late 2014/early 2015. Meiré

denies all remaining allegations contained in Paragraph 22 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

23. Meiré denies the allegations contained in Paragraph 23 of the Amended Complaint.

24. Meiré denies the allegations contained in Paragraph 24 of the Amended Complaint.

25. Meiré denies the allegations contained in Paragraph 25 of the Amended Complaint.

26. Meiré denies the allegations contained in Paragraph 26 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

27. Meiré denies the allegations contained in Paragraph 27 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

28. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28 of the Amended Complaint and

therefore denies those allegations. Meiré denies the remaining allegations contained in Paragraph 28 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 28 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

29.     Meiré denies the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Meiré denies the allegations contained in the first sentence of Paragraph 30 of the Amended Complaint as they pertain to Meiré and refers the Court to Exhibit H to the Amended Complaint for the content thereof, which speaks for itself. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 30 of the Amended Complaint and therefore denies those allegations.

31.     Meiré denies the allegations contained in Paragraph 31 of the Amended Complaint, and refers the Court to Exhibit H to the Amended Complaint for the content thereof, which speaks for itself.

32.     Meiré denies the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Meiré denies the allegations contained in Paragraph 33 of the Amended Complaint.

## COUNT I

**(Copyright Infringement of the LD Images in the Rimowa Print and Web Campaign)**

34.     Meiré repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 33 of the Amended Complaint as if fully set forth herein.

35. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint and therefore denies those allegations.

36. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint and therefore denies those allegations, and refers the Court to the certificates of registration with the registration numbers referred to in Paragraph 36 for the content thereof.

37. Meiré denies the allegations contained in Paragraph 37 of the Amended Complaint as they pertain to Meiré, except that Meiré admits Laspata did not have any communications with Meiré concerning the "LD Images" prior to filing this action. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

38. Meiré denies the allegations contained in Paragraph 38 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

39. Meiré denies the allegations contained in Paragraph 39 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

40. Meiré denies the allegations contained in Paragraph 40 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 40 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

## COUNT II

**(Copyright Infringement of the LD Images in the Rimowa Story Boards)**

41. Meiré repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 40 of the Amended Complaint as if fully set forth herein.

42. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint and therefore denies those allegations.

43. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint and therefore denies those allegations, and refers the Court to the certificates of registration with the registration numbers referred to in Paragraph 43 for the content thereof.

44. Meiré denies the allegations contained in Paragraph 44 of the Amended Complaint as they pertain to Meiré, except that Meiré admits Laspata did not have any communications with Meiré concerning the "LD Images" prior to filing this action. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

45. Meiré denies the allegations contained in Paragraph 45 of the Amended Complaint as they pertain to Meiré, and denies that the campaign at issue contained any

infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 45 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

46. Meiré denies the allegations contained in Paragraph 46 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 46 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

47. Meiré denies the allegations contained in Paragraph 47 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

48. Meiré denies the allegations contained in Paragraph 48 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

## COUNT III

**(Copyright Infringement of the LD Images in the Rimowa Video)**

49. Meiré repeats and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 48 of the Amended Complaint as if fully set forth herein.

50. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint and therefore denies those allegations.

51. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint and therefore denies those allegations, and refers the Court to the certificates of registration with the registration numbers referred to in Paragraph 51 for the content thereof.

52. Meiré denies the allegations contained in Paragraph 52 of the Amended Complaint as they pertain to Meiré, except that Meiré admits Laspata did not have any communications with Meiré concerning the "LD Images" prior to filing this action. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

53. Meiré denies the allegations contained in Paragraph 53 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 53 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

54. Meiré denies the allegations contained in Paragraph 54 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 54 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

55.     Meiré denies the allegations contained in Paragraph 55 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

56.     Meiré denies the allegations contained Paragraph 56 of the Amended Complaint as they pertain to Meiré and denies that the campaign at issue contained any infringing images. Meiré lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 56 of the Amended Complaint as they pertain to the other Defendants and therefore denies those allegations.

## DEMAND FOR RELIEF

Meiré denies Laspata's entitlement to any of the relief sought in its Demand for Relief. Meiré requests that the Court dismiss Laspata's claims with prejudice, award Meiré its attorneys' fees and costs, and enter such further relief as is just and proper.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Meiré asserts the defenses set forth below. These defenses are asserted by Meiré based upon an investigation of the asserted allegations that is not complete and that has been conducted without the benefit of any discovery in this action.

Meiré reserves the right to assert additional defenses as may be disclosed during the course of additional investigation and discovery, including but not limited to all affirmative defenses available under Rule 8 of the Federal Rules of Civil Procedure, and any other defense, at law or equity, that may now exist or in the future be available based upon discovery and further investigation in this case.

## FIRST AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Meiré.

## SECOND AFFIRMATIVE DEFENSE

This Court is an improper venue for the claims asserted against Meiré.

## THIRD AFFIRMATIVE DEFENSE

Process and/or service of process for Laspata's Amended Complaint was insufficient.

## FOURTH AFFIRMATIVE DEFENSE

Laspata's Amended Complaint and each cause of action alleged within it fail to state a claim upon which relief can be granted.

## FIFTH AFFIRMATIVE DEFENSE

The Laspata images at issue in this case are derivative works based upon preexisting materials, and "[t]he copyright in a compilation or derivative work extends only to the material contributed by the author of such work, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material. The copyright in such work is independent of, and does not affect or enlarge the scope, duration, ownership, or subsistence of, any copyright protection in the preexisting material" under 17 U.S.C. 103(b). Further, "protection for a work employing preexisting material in which copyright subsists does not extend to any part of the work in which such material has been used unlawfully" under 17 U.S.C. §103(a).

## SIXTH AFFIRMATIVE DEFENSE

Laspata's claims are barred in whole or in part by equitable estoppel because Laspata claims copyright protection for works copied in whole or in part from the preexisting works of others.

**SEVENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part by the doctrine of unclean hands because, *inter alia*, Laspata claims copyright protection for works copied in whole or in part from the preexisting works of others.

**EIGHTH AFFIRMATIVE DEFENSE**

Laspata's alleged copyrights are invalid and/or unenforceable because, *inter alia*, the works are not original, they incorporate material in the public domain and/or material in which the copyright is owned by third parties and/or Laspata does not own any exclusive rights in any elements that the allegedly copyrighted works and the allegedly infringing works have in common.

**NINTH AFFIRMATIVE DEFENSE**

To the extent any use was made of elements of the allegedly copyrighted works, such use was a fair use under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, that does not give rise to liability for infringement.

**TENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part by the doctrines of merger and/or scenes á faire.

**ELEVENTH AFFIRMATIVE DEFENSE**

Laspata is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412 because Laspata did not register or seek to register its claims of copyright prior to Meiré's alleged infringement or within three months after first publication of the works at issue.

**TWELFTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part insofar as the images Laspata claims were copied were not copied or disseminated by Meiré.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part to the extent Laspata claims rights in elements of the works that are functional, not original, or are otherwise not protectable by copyright and/or are not protected by the copyright registrations referred to by Laspata in its Amended Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part by the doctrine of *de minimis* copying, as Meiré's alleged use of any allegedly protectable elements of Laspata's works has been *de minimis*.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part on the grounds set forth in Rimowa's Counterclaims (Dkt. No. 75-1 in this action), which are incorporated herein by reference.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part because Laspata's alleged copyrights were not properly registered in that, *inter alia*, Laspata failed to disclose the preexisting materials on which its images were based and made misrepresentations as to its authorship to the U.S. Copyright Office.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Laspata's claims are barred in whole or in part because Laspata has engaged in copyright misuse.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

To the extent that there are similarities between Laspata's allegedly copyrighted works and the allegedly infringing images, those similarities are not similarities in protectable expression.

**NINETEENTH AFFIRMATIVE DEFENSE**

At all times, Meiré acted in good faith and in a commercially reasonable and lawful manner. Meiré's actions therefore constitute, at most, innocent infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

**TWENTIETH AFFIRMATIVE DEFENSE**

Laspata cannot prove a causal relationship between the alleged infringement and the accounting of profits it seeks.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Laspata has not suffered any damages and/or harm and/or has failed to mitigate its damages and/or harm, if any.

**RESERVATION OF RIGHTS AGAINST CO-DEFENDANTS**

Meiré's motion to dismiss the Second Amended Third-Party Complaint filed by Rimowa GmbH, Rimowa Distribution, Inc., and Rimowa Inc. (Dkt. No. 65) is fully briefed and currently pending. Meiré expressly reserves all of its rights against each of its co-defendants in this action.

**PRAYER FOR RELIEF**

**WHEREFORE,** Meiré respectfully requests that this Court:

1.  Dismiss Laspata's Amended Complaint with prejudice;

2.  Declare and enter judgment that Meiré has not infringed any valid Laspata copyright(s);

3. Award Meiré its reasonable attorneys' fees and costs associated with this action; and

4. Grant to Meiré such other and further relief as this Court deems just and proper.

Dated:   December 8, 2016
        New York, New York

        Respectfully submitted,

        */s/ Lisa Pearson*
        Lisa Pearson (LP4916)
        **KILPATRICK TOWNSEND & STOCKTON LLP**
        1114 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 775-8700
        Facsimile: (212) 775-8800
        Email: lpearson@kilpatricktownsend.com

        Sabina A. Vayner (*admitted pro hac vice*)
        **KILPATRICK TOWNSEND & STOCKTON LLP**
        1100 Peachtree Street, Suite 2800
        Atlanta, Georgia 30309-4528
        Telephone: (404) 815-6500
        Facsimile: (404) 815-6555
        Email: svayner@kilpatricktownsend.com

        *Attorneys for Defendant*
        *Meiré GmbH & Co. KG d/b/a Meiré and Meiré*