```
                                                    ┌─────────────────────────────┐
UNITED STATES DISTRICT COURT                        │ USDC SDNY                   │
SOUTHERN DISTRICT OF NEW YORK                       │ DOCUMENT                    │
-----------------------------------------------X    │ ELECTRONICALLY FILED        │
                                                    │ DOC #:_____        │
   LASPATA DECARO STUDIO CORP.,            :        │ DATE FILED: 03/01/17        │
                                           :        └─────────────────────────────┘
                                           :
                         Plaintiff(s),     :           16 Civ. 934 (LGS)
                -v-                        :
                                           :           THIRD AMENDED
   RIMOWA GMBH, et al.,                    :           CIVIL CASE
                                           :           MANAGEMENT PLAN
                         Defendant(s).     :           AND SCHEDULING
                                           :           ORDER
-----------------------------------------------X
```

LORNA G. SCHOFIELD, United States District Judge:

    This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __X__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have __X__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713. [Yes _____ / No __X__]

   b. A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf. [Yes _____ / No __X__]

   d. A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf. [Yes _____ / No __X__]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have __X__ / have not _____] taken place.

      b.      Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:
__The parties do not wish to conduct informal discovery.__ 

      c.      Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
__A settlement conference before a Magistrate Judge__
__or retention of a private mediator as indicated in Dkt. 103-1.__

      d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
__The parties propose to engage in a settlement conference with a Magistrate Judge toward the end of fact discovery__ or mediation with a privately-retained neutral toward the end of fact discovery as indicated in Dkt. 103-1.

      e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after ~~7/11/16~~ n/a without leave of Court.

6.    Amended pleadings may be filed without leave of Court until ~~7/11/16~~ n/a.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than ~~4/12/16~~ 7 days from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.    Fact Discovery

      a.      All fact discovery shall be completed no later than ~~9/19/2016~~ ~~10/13/16~~ ~~04/19/17~~ ~~01/17/2017~~ 08/15/17. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

      b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by ~~4/30/16~~ 03/10/17.

      c.      Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by ~~9/6/16~~ ~~01/04/2017~~ 03/10/17.

2

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ____10/13/16__ ~~01/17/2017~~: ~~9/19/2016~~ 06/30/17

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ____9/6/16__ ~~01/04/2017~~. 07/14/17

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.    Expert Discovery [if applicable]

    a.    Anticipated types of experts if any:
 Plaintiff anticipates the need for a damages expert.
 Defendants anticipate the need for a damages expert and a photographic expert.

    b.    All expert discovery shall be completed no later than ~~11/28/16~~ ~~11/1/2016~~ ~~03/1/2017~~ ~~06/2/17~~ 10/31/17.
*[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> unless types of experts are identified.

    c.    By ~~9/15/16~~ ~~12/16/2016~~ ~~8/18/2016~~ ~~3/19/17~~ 07/07/17 *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden *of* proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10.    This case [is __X__ / is not _____] to be tried to a jury.

11.    Counsel for the parties have conferred and their present best estimate of the length of trial is __less than one week__.

12.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
 * the need for a confidentiality order and a deadline for submission;
 * the need to set a time to discuss ESI search terms
 * ~~the need to join Meire and Meire and Shotview Berlin Photographers Management GmbH as defendants or third party defendants~~ (Defendants' position)

3

13. Status Letters and Conferences  04/21/17 and every 45 days thereafter

   a. By ~~6/30/16~~ ~~6/20/2016~~ ~~12/19/2016~~ ~~2/2/17, 3/18/17, 5/2/17~~ *[60 days after the commencement of fact discovery]*, the parties shall submit a status letter, as outlined in Individual Rule IV.A.2.

   b. By ~~10/27/16~~ ~~10/3/2016~~ ~~01/31/2017~~ ~~5/2/17~~ 05/31/17 *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

   c. On ~~10/27/16~~ ~~11/16/2016~~ at ~~11:00~~ ~~10:30 a.m~~ ~~6/14/2017~~ 11/15/17 at 10:00 a.m. ~~03/15/2017 at 10:30 a.m.~~ A.M. *[usually 14 days after the close of discovery]*, a case management conference shall be held. The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

       i. A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1. The Court will set the briefing schedule at the conference. The Court will set a firm trial date after a decision on any summary judgment motion.

       ii. If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial. The trial date will be firm.

   ~~d. In accordance with the Order dated September 6, 2016, within 14 days after the Court's entry of an order resolving any motion to dismiss the Third-Party Complaint by any third-party defendant, Laspata DeCaro and Rimowa shall file a joint status letter regarding discovery in this action. In such letter, Laspata DeCaro and Rimowa are granted leave to seek modification or extension of the discovery schedule as may be needed in light of the Court's disposition of the motion.~~

4

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar.

The Court has not stayed discovery as to any claim, counterclaim or crossclaim. No further extensions absent extraordinary circumstances.

SO ORDERED.

Dated: March 1, 2017
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

FRANKFURT KURNIT KLEIN & SELZ, P.C.
    /s/ Beth I. Goldman
Maura J. Wogan, Esq.
Beth I. Goldman, Esq.
488 Madison Avenue, 10th Floor
New York, NY 10022
Phone: (212) 980-0120
Attorneys for Plaintiff

AXINN, VELTROP & HARKRIDER LLP
    /s/ Delphine W. Knight Brown
Delphine W. Knight Brown, Esq.
114 West 47th Street, #22
New York, NY 10036
Phone: (212) 728-2200

Attorneys for Defendants

5