# Frankfurt Kurnit Klein + Selz PC

**Andrew J. Ungberg**

488 Madison Avenue, New York, New York 10022

T (212) 705 4868    F (347) 438 2195

aungberg@fkks.com

May 31, 2017

**VIA ECF**

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

        RE:    *Laspata DeCaro Studio Corp. v. Rimowa GmbH, et al.*, No. 16-cv-0934

Dear Judge Schofield:

      We represent plaintiff Laspata DeCaro Studio Corporation ("LD") in the above-captioned matter. Together with defendants Rimowa GmbH, Rimowa Distribution Inc., and Rimowa Inc. (together, "Rimowa"), Meiré GmbH & Co. KG d/b/a Meiré and Meiré ("Meiré") and Shotview Berlin Photographers Management GmbH d/b/a Shotview Artists Management ("Shotview"), LD respectfully submits the following joint status letter regarding settlement.

      Since May 12, 2017, the parties have discussed the outlines of a settlement process. The parties' respective positions are as follows:

## **LD**

      LD would be willing to engage in mediation with defendants, but to do so, LD needs certain limited information relating to its measure of damages.[1] LD has requested that defendants provide documents, for settlement purposes only, reflecting their revenues and claimed deductible expenses relating to the Lookbook. LD intends to use the information to make a revised settlement demand and to support its position in eventual mediation; without it, LD does not believe mediation can be informed or productive. Rimowa has refused to provide its revenue and expense information for the reasons set forth below in the section regarding Rimowa's position. Accordingly, given Rimowa's position, LD believes that it must pursue

---

[1] The Copyright Act gives LD the right to seek recovery of its actual damages <u>and</u> defendant's profits attributable to the infringement. 17 U.S.C. § 504(b). LD is entitled to discovery on this topic, and requested it via discovery requests served on Rimowa at the outset of this case. *See id.* ( "In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work.").

discovery, and possible motion practice relating to that discovery, before meaningful settlement negotiations can take place.

### Meiré

Meiré recently provided Laspata with information concerning Meiré's revenues and profits associated with the Lookbook Project and has requested Laspata to provide, among other things, clarification of its damages theory as to all defendants and information concerning its lost revenues, but has not yet received it.[2] Meiré remains interested in continuing settlement discussions, and further believes referral to a magistrate or mediator could be productive at this time, although it would request that its representative be permitted to participate telephonically because Meiré is based in Germany.

### Shotview

Shotview has expressed interest in referring the case to a magistrate judge, both to assist in the resolution of discovery disputes and for mediation.

### Rimowa

The Rimowa defendants have indicated that they would be willing to participate in a settlement process, provided that the basis for the discussion is the licensing fees that LD has received for use of the allegedly infringing images. Rimowa has requested but LD has not provided this information. Rimowa has objected, however, to LD's request for documents reflecting Rimowa's revenues and expenses related to the Lookbook as irrelevant. LD cannot sustain a theory of damages based on infringer's profits under 17 U.S.C. § 504(b) because no evidence exists in Rimowa's possession, custody or control that any of Rimowa's profits are attributable to the allegedly infringing Lookbook. Therefore, any settlement demand based on Rimowa's overall revenues and expenses would have no reasonable relationship to the alleged infringement and would be speculative. See On Davis v. The Gap, Inc., 246 F.3d 152, 159-60 (2d Cir. 2001) (affirming district court that evidence of overall revenues of alleged infringer had no reasonable relationship to the act of alleged infringement and holding that plaintiff had failed to meet its burden under 17 U.S.C. 504(b)). Therefore, the revenue and expense information LD has requested is not relevant.

\* \* \* \*

---

[2] LD is willing to provide the basis for its actual damages calculation as part of a revised settlement demand.

   Counsel for all parties are available at the Court's convenience to discuss any of the matters discussed above.

Respectfully Submitted,
**Frankfurt Kurnit Klein & Selz P.C.**

*/s/ Andrew J Ungberg*

Andrew J. Ungberg
Maura J. Wogan
Lily Landsman-Roos
*Attorneys for Plaintiff LaSpata DeCaro Studio Corporation*

Cc: All attorneys of record (via ECF)