# Frankfurt Kurnit Klein + Selz PC

**Andrew J. Ungberg**

488 Madison Avenue, New York, New York 10022

T (212) 705 4868      F (347) 438 2195

aungberg@fkks.com

June 13, 2017

**VIA ECF**

The Hon. Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

> RE:     *Laspata DeCaro Studio Corp. v. Rimowa GmbH*, et al., No. 16-cv-0934

Dear Judge Fox:

We represent Plaintiff Laspata DeCaro Studio Corp. ("LD") in the above-captioned copyright infringement action.  Under Local Rule 37.2, we respectfully request a pre-motion discovery conference regarding LD's anticipated motion to compel defendants Rimowa GmbH, Rimowa Distribution Inc., and Rimowa Inc. ("Rimowa") to produce documents relating to its sales revenues, which are responsive to one of LD's pending document requests.  LD has the right to take discovery of this information because it is directly relevant to its right to seek Rimowa's profits attributable to its infringing conduct under § 504(b) of the Copyright Act. 17 U.S.C. § 504(b).  LD respectfully requests that the conference be set for June 19, or as soon thereafter as counsel may be heard.

## I.     Case Background

This is a copyright infringement case.  Plaintiff LD is a creative marketing agency with a long history of crafting advertising campaigns for fashion brands; one of LD's oldest clients is the famed "miracle mile" shopping center, Americana Manhasset.  In 2012, LD created a campaign for Americana Manhasset inspired by the 1920's era of film and travel, called "Speechless."  The campaign including a thematic "lookbook," a high-concept fashion catalogue that modeled new clothing and accessories from a variety of luxury brands with stores at Americana Manhasset (the "Speechless Lookbook").

In this action, LD alleges that Defendants[1] infringed LD's copyrighted photographs by blatantly copying several images from the Speechless Lookbook — without LD's permission — for use in their own 1920's-themed marketing campaign and lookbook.  Together, Defendants slavishly reproduced several of LD's photographs, going so far as to use virtually identical poses, props, shot composition, and lighting.  Through discovery, LD has learned that the similarity to

---

[1] Defendants in this action are (i) Rimowa, a luggage manufacturer; (ii) Meiré GmbH & Co. KG d/b/a Meiré and Meiré ("Meiré"), a German-based marketing agency retained by Rimowa to design its advertising; and (iii) Shotview Berlin Photographers Management GmbH d/b/a Shotview Artists Management ("Shotview"), a photography agency hired by Meire.

The Hon. Kevin N. Fox
June 13, 2017
Page **2** of **5**

LD's images is no accident; Defendants intentionally worked to replicate LD's work from the start.  Documents produced by Rimowa show that Defendants created the infringing lookbook by first digitally inserting Rimowa's products into LD's existing photographs, and then re-creating the altered image as closely as possible at a subsequent photoshoot.  The following images are one such example, showing how Defendants took the cover from LD's Speechless Lookbook, altered it to include Rimowa products, and then used the image to shoot the cover of its own lookbook:

| LD Original Photo | Rimowa Infringing Altered Image | Final Rimowa Infringing Image |
|---|---|---|
|  | | |
| | (RIM00001224) | |

In addition, Defendants created a "behind-the-scenes" or "making-of" video, which shows Defendants' employees consulting the altered LD images during the course of the Rimowa photoshoot.  The video is both incontrovertible evidence of the Defendant's copying of the LD Images and a separate infringement of those images.  Remarkably, this same video, depicting the altered LD images, was publically displayed in stores such as Bloomingdales on a repeating loop to promote the sale of Rimowa's products.

The Hon. Kevin N. Fox
June 13, 2017
Page **3** of **5**

## II.       Present Discovery Dispute

The present dispute arises from Rimowa's refusal to produce documents relating to its revenues earned through the sale of product lines advertised in the infringing lookbook for the period 2014 through 2016.  These documents are directly responsive to Request No. 32 of LD's first request for production, which it served on Rimowa on April 28, 2016.[2]  Rimowa has stated that its refusal to produce revenue information is based on its belief that LD will not be able to ultimately prove a causal connection between Rimowa's alleged infringement and its sales revenue.  Rimowa appears to maintain that the revenue information is therefore irrelevant and not subject to discovery at all.  LD respectfully submits that this objection is without merit for at least three reasons.

First, LD's claim for copyright infringement entitles it to seek recovery of Rimowa's profits attributable to its infringing conduct; the Copyright Act explicitly states that LD can introduce evidence of Rimowa's gross revenues for this purpose.  *See* 17 U.S.C. 504(b).  Rimowa's sales revenues go to the heart of LD's claim and are therefore discoverable under Federal Rule 26 regardless of whether Rimowa believes LD will ultimately be able to carry its burden of proof.  *See* Fed. R. Civ. P. 26(b)(1) ("Information within [the] scope of discovery *need not be admissible in evidence to be discoverable*.") (emphasis added).

To the extent Rimowa relies on *On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001), that case and its progeny are not applicable in the context of a discovery dispute.  *Davis* involved an appeal from a decision on summary judgement, which concluded that an award of defendant's profits was unwarranted because plaintiff had failed to introduce evidence — at the summary judgment stage — connecting defendant's company-wide revenues to the alleged infringing conduct.  *See id.* at 160–161.  Nothing in *Davis*, however, stands for the proposition that a plaintiff cannot seek *discovery* of defendant's revenues as a matter of law.  To the contrary, *Davis* instructs that a plaintiff *must* take such discovery in order to carry its burden of proof at summary judgment.  Indeed, the reasoning behind Rimowa's objection has been flatly rejected by at least one other district court.  *See Kaseberg v. Conaco, LLC,* 15-cv-01637, 2016 WL 3997600 at **7–8 (S.D. Cal. Jul. 26, 2016) (distinguishing *Davis,* permitting discovery into

---

[2] **REQUEST NO. 32:** Any and all documents and communications reflecting revenues from the sale of Rimowa products from one year prior to the time period of the Rimowa Campaign to date, in all geographic areas in which any portion of the Rimowa Campaign was viewable in any format.

**RESPONSE TO REQUEST NO. 32:** In addition to its General Objections, Rimowa objects to this Request as unduly burdensome to the extent it seeks "any and all" documents and communications regarding "revenues from the sale of Rimowa products from one year prior to the time period of the Rimowa Campaign to date, in all geographic areas in which any portion of the Rimowa Campaign was viewable in any format" without limitation (emphasis added). Rimowa also objects to this Request as overly broad and inclusive of subject matter that is neither relevant to the claims or defenses of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence. Rimowa further objects to this Request as unduly burdensome to the extent it seeks documents in "all geographic areas." Rimowa further objects to the terms "any portion" and "any format" as vague and ambiguous.  Subject to and without waiving its General and Specific Objections to this Request, Rimowa will produce documents, if any, responsive to this Request.

The Hon. Kevin N. Fox
June 13, 2017
Page **4** of **5**

defendants' direct and indirect profits despite objection that causal connection was "too speculative").

Second, discovery obtained to date suggests that LD will have more than sufficient basis to assert a plausible connection between Rimowa's alleged infringing conduct and the sale of its luggage products. As is evident from the images above, Rimowa's 2015 advertising campaign was created off of the back of LD's images and the Speechless Lookbook. Moreover, common sense teaches that the sole purpose of an ad campaign is to increase the sales revenue of the products featured in the campaign. Nevertheless, if LD is granted leave to file a motion to compel, it is prepared to introduce additional support for the connection between Rimowa's alleged infringement and its sales revenue, including:

- Materials used by Defendants to plan and execute their photoshoot, including the "behind-the-scenes" video described above, each of which prominently features altered LD images and establishes that those images were the basis for Rimowa's lookbook and in-store marketing campaign.

- Top-line financial records produced by Rimowa, which show that sales in North America and Asia rose significantly after the infringing marketing materials were released in January 2015.

- Rimowa's August 10, 2015 press release, which touted first-half profits as improved 26.4% over the prior year and *specifically cited the strength of its new lookbook and advertising campaign* as two drivers of this success.

Finally, even if there had been a valid legal basis for Rimowa's objection, Rimowa has waived it by making a partial production of responsive documents. To date, Rimowa has produced what appears to be company-wide, top-line revenue information for 2014 and 2015, as well as a copy of a sales meeting presentation that lists Rimowa's top twenty best-selling products for 2014 by both product sales revenue and number of units sold. Based on this last document, it is clear that Rimowa has product-level revenue information in its possession, custody and control, but is simply refusing to produce it. Having provided LD with overall revenue figures 2014 and 2015, and some product-level revenue information for 2014, Rimowa cannot suddenly claim that, somehow, product-level revenue information for 2015 and 2016 is not relevant or not in its possession. Rimowa has waived its objection.

## III.    LD's Good Faith Efforts to Resolve the Dispute

LD sought discovery of Rimowa's sales revenue in its first request for production, which LD served on April 28, 2016. LD raised the issue of Rimowa's failure to produce this information in the context of pre-settlement talks on May 12; Rimowa refused to produce as part of an informal settlement exchange. In a letter dated May 24, LD again requested production of the revenue information for settlement purposes, and demanded (in the alternative) production in discovery pursuant to LD's first document requests. The May 24 letter also requested a meet-and-confer. While Rimowa indicated it would provide a substantive response to this letter, it failed to do so. LD received no response to its request for a meeting. Two weeks later, on June

The Hon. Kevin N. Fox
June 13, 2017
Page **5** of **5**

9, LD sent a demand letter stating the legal basis for discovery requests and addressing Rimowa's apparent objection; the June 9 letter stated that unless Rimowa withdrew its objection by June 12, LD would move to compel production of the documents.  Rimowa responded on June 12 stating that it required more time to address LD's letter and, only then purported to request a meet and confer.

LD respectfully submits that its efforts to engage with Rimowa over the past month are more than sufficient to comply with LD's obligations under Federal Rule 37 and the local rules, and hereby certifies that it has made a good faith attempt to resolve this issue before seeking relief from the Court.  The parties' deadline to complete fact depositions is June 30, 2017.  LD has noticed Rule 30(b)(6) depositions for Defendants beginning June 23 through June 30; it must have access to Rimowa's documents in advance of the upcoming depositions.  Accordingly, an immediate resolution to this dispute is necessary if the parties are to meet the currently-set discovery deadline.

\* \* \* \*

For the reasons set forth above, Plaintiff Laspata DeCaro Studio Corp. respectfully requests that the Court set a date for a pre-motion discovery conference regarding Plaintiff's anticipated motion to compel the production of the Rimowa Defendants' documents.  In the alternative, Plaintiff respectfully requests that the Court accept the forgoing letter in lieu of a longer motion and order the Rimowa defendants to produce revenue information relating to product lines depicted in the infringing Rimowa advertising materials for the period 2014 through 2016, inclusive.

Plaintiff's undersigned counsel is available at the Court's convenience to discuss this or any other matter.

Respectfully Submitted,
**Frankfurt Kurnit Klein & Selz, P.C.**

*/s/ Andrew J. Ungberg*

Andrew J. Ungberg
Maura J. Wogan
Lily Landsman-Roos
*Attorneys for Plaintiff Laspata DeCaro Studio Corp.*

cc: All Counsel of Record (via ECF)