

DELPHINE W. KNIGHT BROWN
212-728-2232
DKNIGHTBROWN@AXINN.COM

June 22, 2017

**VIA ECF**

Hon. Kevin N. Fox
United States District Court for the
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

      Re: *Laspata DeCaro Studio Corp. v. Rimowa GmbH et. al.*, Case No. 16-cv-934 (LGS)(KNF); The Rimowa Defendants' Response to Plaintiff's Pre-Motion Letter

Dear Judge Fox:

      We represent Defendants Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. (collectively, "Rimowa" or "the Rimowa Defendants") in the above-referenced action. We submit this letter in response to Plaintiff Laspata DeCaro Studio Corporation's letter dated June 13, 2017 (D.I. 116) ("LD's pre-motion letter"), requesting a pre-motion conference regarding a motion to compel Rimowa to produce documents reflecting Rimowa's sales revenues for the period 2014 through 2016 pursuant to Document Request No. 32 of Plaintiff's First Requests for Production of Documents ("LD's request").

      Rimowa has objected to LD's request as overly broad, unduly burdensome and irrelevant to a claim or defense in this action to the extent it calls for "any and all documents and communications reflecting revenues from the sale of Rimowa products" without limiting "products" to those depicted in the allegedly infringing images. Rimowa has further objected to LD's request to the extent it calls for "any and all documents and communications reflecting revenues from [] sale[s]" that occurred "one year prior to the time period of the Rimowa Campaign to date" without limitation to the time period of the alleged infringing conduct.

I.    **Present Discovery Dispute**

      Plaintiff Laspata DeCaro Corporation ("LD") alleges that four photographs in Rimowa's 2015/2016 Lookbook ("the Rimowa Lookbook") and related "behind-the-scenes" video ("the Rimowa video") infringe LD's alleged copyrights in four of its photographs. The Rimowa Lookbook included the allegedly infringing images among a total of 12 images. Therefore, only certain divisible parts of the Rimowa Lookbook are alleged to infringe. In addition, the "products" advertised in the allegedly infringing images are limited to a single product line, Rimowa's Topas™ suitcases (the "Topas line"). Lastly, the Rimowa Lookbook was printed in January 2015 and only circulated in the U.S. between January and October 2015. The Rimowa video was only used during this same period. Thus, Rimowa ceased the allegedly infringing activity in October 2015. As a result, LD's request should be limited to documents reflecting sales revenues from the Topas line that occurred between January and October 2015. To date,

Axinn, Veltrop & Harkrider LLP | Axinn.com

New York
114 W 47th Street
New York, NY 10036
212.728.2200

Washington, DC
950 F Street, NW
Washington, DC 20004
202.912.4700

Connecticut
90 State House Square
Hartford, CT 06103
860.275.8100

June 22, 2017
Page 2

LD has not agreed to so limit its request.

Rimowa maintains its objection to producing documents reflecting its sales revenues for all products advertised in the Rimowa Lookbook on a per-product or product-line basis for the years 2014 through 2016, as overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  LD has failed to demonstrate a causal nexus between LD's request and the alleged copyright infringement or the relevant time period.  Rimowa's sales revenues for all products over a three year period cannot reasonably be attributable to the alleged copyright infringement by the use of four photographs over a ten month period.  Therefore, LD is not entitled to seek broad discovery of Rimowa's revenues to the extent they reflect sales of Rimowa products that are not depicted in the allegedly infringing images or were sold months before the allegedly infringing activity or after it had ceased.

Controlling precedent supports Rimowa's objection.  The Second Circuit has held that a plaintiff may not sustain an award of defendants' profits pursuant to 17 U.S.C. § 504(b), unless it demonstrates that defendants' revenues are attributable to the alleged infringement.  See On Davis v. The Gap, Inc., 246 F.3d 152, 159-61 (2d Cir. 2001).  The On Davis Court reasoned that a plaintiff that should not be allowed to submit evidence of the gross revenues of a multi-book publisher where the infringing conduct related to a single anthology.  Id. at 160.  "[T]he statutory term 'infringer's gross revenue' should not be construed so broadly as to include revenue from lines of business that were unrelated to the act of infringement."  Id.

The holding of On Davis has been consistently applied by district courts to limit overbroad discovery requests directed to revenue information.  This Court denied a motion to compel discovery of evidence of the defendants' profits derived from a television program, where the defendants displayed a copyrighted design for less than three seconds of the 70-second program.  See Mager v. Brand New School, No. 03 Civ. 8552(DC), 2014 WL 2413978, at *1, *6 (S.D.N.Y. Oct. 28, 2004).  Relying on On Davis, this Court held in Mager that the plaintiff could not show a logical or evidentiary connection between the defendants' profits and the infringing conduct and, therefore, any recovery based on profits was too speculative, in view of the insignificant contribution of the infringing design to the work as a whole.  Id. at *4.  In Fleurimond v. N.Y. Univ., the Eastern District declined to find a nexus between the defendant's use of a copyrighted design to advertise events and the sales of goods at these events, where the goods themselves were not alleged to infringe, and denied the plaintiff's discovery demands for revenues reflecting these sales.  No. CV-09-3739(ADS)(AKT), 2011 WL 3273876, at *5 (E.D.N.Y. July 29, 2011).  The Fleurimond Court held that the plaintiff had failed to show a causal link between the alleged infringement and the revenues requested.  Id.

Ignoring controlling precedent, LD relies solely on an unpublished decision from a district court in a different circuit.  See Kaseberg v. Conoco LLC, No. 15-CV-01637-JLS (DHB), 2016 WL 3997600 (S.D. Cal. July 26, 2016).  Nevertheless, even the holding of Kaseberg supports Rimowa's position.  Relying on On Davis, the Kaseberg court rejected a request for production of gross revenue information reflecting all airings of a television show during the 2015 calendar year, where the allegedly infringing conduct was limited to segments aired on four dates in 2015, because the request was "too broad to be relevant" and lacked "any logical parameter."  Kaseberg, 2016 WL 3997600, at *8.  The Kaseberg court narrowed the request to information relating to the four allegedly infringing airings.  Id.  Likewise, LD should reasonably narrow its request to revenues from sales of the Topas line between January and October 2015.

June 22, 2017
Page 3

      Finally, Rimowa has not waived its objections to LD's request by virtue of having produced two internal, non-certified documents reflecting Rimowa North America Inc. sales figures as categorized by salesperson and retailer (produced in this action as RIM00001478) and summary information regarding select Rimowa products created for a sales meeting (produced in this action as RIM00001603).  Specifically, Rimowa has not waived its objection that product-level revenue information for the years 2014 and 2016 are irrelevant by virtue of having produced these documents.

## II.   Rimowa's Good Faith Efforts to Resolve the Dispute

      Contrary to LD's contention, Rimowa has not ignored LD's request for a meet and confer.  In fact, Rimowa proposed by email on June 12, 2017 that the parties schedule a meet and confer for Thursday, June 14.  Rather than agree to Rimowa's proposal, LD unilaterally filed LD's pre-motion letter a day later.

      Rimowa further disagrees that the parties have reached an impasse regarding the potential narrowing of LD's request, as well as Rimowa's pending request for Laspata's revenues from past licensing of the LD images at issue in this case.  As such, any ongoing dispute between the parties is not yet ripe for the Court to schedule a discovery conference.

      For the foregoing reasons, Rimowa respectfully requests that this Court deny LD's pre-motion letter.  Rimowa further respectfully requests that this Court deny LD's request in the alternative to accept LD's pre-motion letter in lieu of a motion to compel Rimowa to produce revenue information, to the extent it seeks sales revenues for Rimowa products other than the Topas line or any products sold outside of the time period of January to October 2015.

      We are available at the Court's convenience to discuss the matter further.

Respectfully submitted,

Axinn, Veltrop & Harkrider LLP

/s/ Delphine W. Knight Brown

Delphine W. Knight Brown
Eric P. Greenwald
*Attorneys for the Rimowa Defendants*

cc:  All Counsel of Record (via ECF)