# Frankfurt Kurnit Klein + Selz PC

**Andrew J. Ungberg**

488 Madison Avenue, New York, New York 10022

T (212) 705 4868    F (347) 438 2195

aungberg@fkks.com

July 18, 2017

**VIA ECF**

The Hon. Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

        RE:   *Laspata DeCaro Studio Corp. v. Rimowa GmbH, et al.*, No. 16-cv-0934

Dear Judge Fox:

      We represent Plaintiff Laspata DeCaro Studio Corp. ("LD") in the above-captioned copyright infringement action. Under Local Rule 37.2, LD requests a pre-motion conference regarding LD's anticipated motion to compel Defendants Rimowa GmbH, Rimowa Distribution Inc., and Rimowa Inc. (together "Rimowa") to comply with this Court's order dated June 28, 2017, (the "June 28 Order").

      LD regrets having to again come before the Court to seek relief from Rimowa's failure to produce documents relating to its sales revenues; the Court's prior ruling ought to have resolved this issue. However, Rimowa has refused to comply with the plain language of the June 28 Order, which directed it to "produce revenue information relating to *product lines* depicted in the . . . advertising materials for the period 2014 to [20]16 inclusive." *See* Tr. of June 28, 2017 Hearing, Dkt. No. 123, at 6:5–8 (the "Hearing Tr.") (emphasis added). Instead, by adopting a tortured definition of the term "product lines," Rimowa limited its production to include only the individual *products* listed in the infringing catalogue. In so doing, Rimowa has once again improperly attempted to narrow fact discovery by asserting legal arguments on the merits that are properly reserved for summary judgment or trial. Accordingly, LD respectfully requests the Court's intervention so that LD can obtain the discovery it needs in advance of the upcoming Rule 30(b)(6) depositions currently scheduled for the first week of August 2017.

**Brief Factual and Procedural Background**

      As Your Honor will recall, LD is a creative advertising agency and Rimowa is a luggage manufacturer. This case arises out of LD's allegations that Rimowa (together with the other defendants) infringed LD's copyrighted photographs by blatantly reproducing them to create Rimowa's 2015 product catalogue (the "Lookbook"),[1] including its cover. Rimowa then distributed the infringing Lookbook in the U.S. and around the world to promote the sale of its

---

[1] Mindful of Your Honor's individual rules concerning page limits, LD is making available a true and correct copy of the Lookbook, which was produced by Rimowa with bates-numbers RIM00000063–083, for secure download via the following link: https://goo.gl/vxfyg8.

Hon. Kevin N. Fox
July 18, 2017
Page **2** of **4**

luggage products through its online site, Rimowa.com, in Rimowa-branded retail stores, and third-party luxury retailers such as Bloomingdales. Rimowa has admitted that the success of the Lookbook was a key driver of sales for the company in 2015.

Under Section 504(b) of the Copyright Act, LD is entitled to seek recovery of Rimowa's profits attributable to its infringing conduct. 17 U.S.C. § 504(b). As part of discovery, LD requested documents reflecting revenues earned from the sale of any Rimowa products from 2014 through the present. Rimowa outright refused to produce any revenue information on the grounds that it was "irrelevant" and beyond the scope of discovery.

On June 13, 2017, LD filed a letter motion seeking a pre-motion discovery conference on its then-anticipated motion to compel production of Rimowa's revenue information. *See* Ltr. Motion dated June 13 2017, Dkt. No. 116 (the "LD Letter"). The LD Letter requested specific relief: that the Court "order the Rimowa defendants to produce revenue information *relating to product lines* depicted in the infringing Rimowa advertising materials for the period 2014 through 2016, inclusive." *Id.* at 5 (emphasis added). LD's reply to Rimowa's opposition letter contained the exact same language in its prayer for relief. *See* Ltr. Motion dated June 26, 2017, Dkt. No. 119 at 3.

At the hearing on June 28, 2017, the Court granted LD's application without modification. Indeed, the Court used virtually identical language as the LD Letter and directed Rimowa to produce "revenue information relating to product lines depicted in the . . . advertising materials for the period 2014, to [20]16, inclusive." Hearing Tr. at 6:5–6. Rimowa attempted to narrow the scope of the Court's order, *id.* at 7:5–8:3, but the Court refused to alter its ruling, *id.* at 8:7–12. As a result, the June 28 Order obligated Rimowa to produce revenue data for *each product* within a particular product line if *any product* from that line is depicted in the Lookbook.[2]

On July 12, 2017, a full two full weeks after the hearing, Rimowa produced a single page of revenue information that falls far short of the Court's order. Rimowa's one-page document, which appears to have been created for this litigation, contains data for only the specific *products* listed in the Lookbook.[3] For example, the Lookbook cover depicts three pieces of luggage from Rimowa's "Bossa Nova" product line, RIM00000063, which means Rimowa should have produced revenue documentation for *each* of the products within the entire Bossa Nova line (which is, of course, what the advertisement was promoting). Instead, Rimowa provided data for only *one* of the products in the Bossa Nova line: the "Bossa Nova MW 70;" information for the other products in the Bossa Nova line is missing. The same deficiencies exist for each of the product lines advertised in the Lookbook.

---

[2] The product lines depicted in the Lookbook are: (1) Limbo (in the Caromona Red color); (2) Topas; (3) Topas Titanium; (4) Topas Stealth; (5) Classic Flight; (6) Salsa Deluxe (in the Oriental Red color); (7) Salsa (in the Bronze color); (8) Salsa Air (in the Lime Green color); (9) Bossa Nova; and (10) Bolero.

[3] Because Rimowa designated its revenue document as "Highly Confidential – Attorney's Eyes Only" under the parties' protective order, LD has opted not to publically file it as an exhibit to this application. LD is available to submit the document for *in camera* review at the Court's request.

After receiving the production on July 12, 2017, LD's promptly contacted Rimowa to raise these deficiencies. LD's counsel repeatedly attempted to contact Rimowa's counsel by telephone on July 13 and July 14, and left several voicemail messages. The parties exchanged substantive email correspondence on this issue between July 13 and 17. Following this exchange, it became clear that Rimowa was unwilling to supplement its production.

**Rimowa's Production Does Not Comply with the June 28 Order**

Rimowa's limited, one-page production of revenue data does not comply with any reasonable reading of the June 28 Order. When LD raised this issue, Rimowa insisted that its production was adequate and claimed, wrongly, that LD had agreed to narrow the scope of its request to the specific products in the Lookbook. Later, Rimowa made a convoluted argument that, at base, attempted to redefine the phrase "product line" to have the same meaning as the word "product." Neither of these positions can withstand scrutiny.

*First*, Rimowa's claim that LD "narrowed" the scope of its discovery request to only those products depicted in the Lookbook misrepresents the LD Letter. LD's original request sought the production of revenue information regarding all of Rimowa's products. *See* LD Letter at 3 n.2 (verbatim reproduction of LD Request No. 32). LD did limit this request, but only insofar as it sought revenue information for the product lines depicted in the Lookbook as opposed to *all* of Rimowa's products, including all luggage and accessories lines. The Court recognized as much, noting at the hearing on June 28 that "[t]he request is now narrower than the actual document request as originally crafted because the correspondence indicates that there's been a narrowing *to a request for revenue information for product line[s] depicted in the infringing advertisements* for the period 2014 to [20]16, inclusive." Hearing Tr. at 5:16–21 (emphasis added). Rimowa's claim that LD further limited its request is baseless.

*Second*, contrary to Rimowa's claims, the June 28 Order cannot in good faith be read to require production of revenue information for only the specific products listed in the Lookbook. Rimowa's reading ignores the plain language of the LD Letter and the June 28 Order. Both use the phrase "product line," which the dictionary defines to mean "a group of closely related commodities made by the same process and for the same purpose and *differing only in style, model or size*." "Product Line." *Merriam-Webster.com*. Merriam-Webster, n.d. Web. 17 July 2017 (emphasis added). The spirit and letter of the June 28 Order are clear: it requires the production of information relating to revenues earned for each product in a given product line if any one of the products in that line is advertised in the Lookbook. Rimowa's attempt to warp the phrase "product line" to mean merely "product" is a transparent attempt to cut off LD's right to take discovery. As before, Rimowa is attempting to minimize the possible pool of revenues that LD can seek to recover at trial. The Court explicitly rejected a slightly different version of this argument when Rimowa attempted to assert it during the hearing on June 28. The time to argue whether LD is entitled to recover particular revenue sources is at summary judgment or trial — not now, in the midst of fact discovery.

**Sanctions are Appropriate for Rimowa's Failure to Comply with the June 28 Order**

Federal Rule 37(b)(2) provides that "i[f] a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Where a party has failed to comply with such an order, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified . . . ." *Id.* at 37(b)(2)(C) (emphasis added). "The test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was 'substantially justified.'" *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02cv9628, 2006 WL 3096026, at *4 (S.D.N.Y. Oct. 31, 2006) (collecting cases). To meet this test, the noncompliant party must show that there was a "genuine dispute" concerning the order, or that "reasonable people could differ as to the appropriateness of the contested action." *Id.*

Here, Rimowa cannot show any genuine dispute or that the language of the June 28 Order was susceptible to a reasonable difference of opinion. To the contrary, Rimowa's reading of the June 28 Order is objectively unreasonable, and its resistance to making a complete production of its product line revenue information was not substantially justified. By adopting an untenable position, Rimowa forced LD to expend time and attorneys' fees in making this application and burdened the Court with what amounts to an improper attempt to re-litigate an issue that was resolved three weeks ago. The delay resulting from Rimowa's gamesmanship is particularly prejudicial to LD because it comes just weeks before LD is scheduled to take Rimowa's Rule 30(b)(6) deposition, on August 3, and with less than a month before the close of fact discovery on August 15. Under these circumstances, LD respectfully submits that sanctions under Rule 37(b)(2) in an amount equal to LD's costs and fees incurred in connection with making this application are appropriate.

\* \* \* \*

For the foregoing reasons, Plaintiff LD respectfully requests that the Court set a date for a pre-motion discovery conference. Alternatively, LD respectfully requests that the Court accept the foregoing letter in lieu of a longer motion and (i) order Rimowa to fully comply with the June 28 Order by supplementing its production to include sales revenue information for all products related to any product line depicted in the Lookbook; and (ii) impose sanctions against Rimowa in an amount equal to LD's costs incurred in bringing this application, or such other sanctions under Federal Rule 37(b)(2) as the Court deems just and appropriate.

Respectfully Submitted,
**Frankfurt Kurnit Klein & Selz, P.C.**
*/s/ Andrew J. Ungberg*
Andrew J. Ungberg
Jeremy S. Goldman
Lily Landsman-Roos
*Attorneys for Plaintiff Laspata DeCaro Studio Corp*