

DELPHINE W. KNIGHT BROWN
212-728-2232
DKNIGHTBROWN@AXINN.COM

July 20, 2017

**VIA ECF**

Hon. Kevin N. Fox
United States District Court for the
Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

> Re:  *Laspata DeCaro Studio Corp. v. Rimowa GmbH et. al.*, Case No. 16-cv-934
> (LGS)(KNF); The Rimowa Defendants' Response to Plaintiff's Pre-Motion Letter

Dear Judge Fox:

We represent Defendants Rimowa GmbH, Rimowa Distribution, Inc. and Rimowa Inc. (collectively, "Rimowa") in the above-referenced action.  We submit this letter in response to Plaintiff Laspata DeCaro Studio Corporation's letter dated July 19, 2017 (D.I. 131) ("LD's pre-motion letter"), regarding the scope of this Court's discovery order dated June 28, 2017 (the "Court order").  Rimowa believes it has complied with the Court order to produce revenue information reflecting U.S. and international sales between 2014 and 2016, inclusive, for Rimowa's product lines depicted in the 2015 Lookbook.  Plaintiff seeks to redefine and impose the broadest possible meaning to the term "product lines", which is not only factually incorrect but also ignores the "depicted in the Lookbook" requirement of the Court order.

Rimowa's understanding is that the Court order required Rimowa to produce revenue information consisting of U.S. and international sales relating to "product lines depicted" in the Lookbook, not just the product lines depicted in the allegedly infringing images.  As shown in Rimowa's production, (see, e.g., RIM00001109), and online catalogue, (see https://www.rimowa.com/media/catalogue/RIMOWA_CATALOGUE_2017-2018_EN_UK.pdf), and indicated to Plaintiff in email correspondence, Rimowa offers for sale "collections" of products.  For example, Classic Flight and Salsa Air are described as "collections".  (See, e.g., RIM00001109.)  Each of these collections is comprised of multiple distinct product models.  Rimowa considers each such model within a collection to constitute a separate "product line".

For example, the Salsa Air Multiwheel® product model in lime green is depicted in the Lookbook.  The Salsa Air Multiwheel® is a distinct product line that is offered in five colors, e.g., lime green.  The lime green product within this product line is depicted and identified with SKU no. 820.73.36.4 in the Lookbook.  Rimowa has produced revenue information relating to the Salsa Air Multiwheel® product line.  The Multiwheel® product line is offered and sold separately from other product lines within the Salsa Air collection, i.e., the models designated as Ultralight Cabin Multiwheel® and Mini Multiwheel®.  These three product lines differ in style and construction.  Unlike the Salsa Air Multiwheel®, the Ultralight Cabin Multiwheel® and Mini

Axinn, Veltrop & Harkrider LLP  I  Axinn.com

| New York | Washington, DC | Connecticut |
| --- | --- | --- |
| 114 W 47th Street | 950 F Street, NW | 90 State House Square |
| New York, NY 10036 | Washington, DC 20004 | Hartford, CT 06103 |
| 212.728.2200 | 202.912.4700 | 860.275.8100 |

July 20, 2017
Page 2

Multiwheel® product lines are <u>not</u> depicted in the Lookbook.

      With respect to the Classic Flight collection, the Attaché Case, Beauty Case and certain Multiwheel® product lines are depicted in the Lookbook.  Rimowa has produced revenue information for these product lines.  However, the Cabin Multiwheel® and other Multiwheel® product lines within the Classic Flight collection are <u>not</u> depicted in the Lookbook.  Revenues generated by sales of product lines not depicted in the Lookbook have no nexus to the alleged infringement and, as Rimowa understands, are not within the scope of the Court order.  Therefore, Rimowa has not produced revenue information for the Cabin Multiwheel® and other Multiwheel® product lines within the Classic Flight collection.

      Rimowa's classification of its products into "collections" is supported in Rimowa's documents.  It is longstanding and not arbitrary.  Rimowa's good-faith interpretation of the disputed term "product lines" to constitute a group of products differing in color, but not style or construction, is reasonable in view of that classification.  Contrary to Plaintiff's contentions, this interpretation is not convoluted.  It is a straightforward application of the facts to the Court order.

      Because Rimowa's interpretation of the term "product lines" is reasonable and in good faith, should the Court grant LD's pre-motion letter on the merits, the Court should deny Plaintiff's application for sanctions.  A losing party's position is substantially justified under Fed. R. Civ. P. 37 if the position was subject to a reasonable or genuine dispute.  <u>See</u> <u>Huang v. iTV Media, Inc.</u>, No. 13-CV-3439(JFB)(SIL), 2017 WL 706194, at *10 (E.D.N.Y. Feb. 22, 2017).  The proper interpretation of the term "product lines" raises a genuine dispute concerning the scope of the Court order.  <u>See</u> <u>id.</u>; <u>Kara Holding Corp. v. Getty Petroleum Mktg., Inc.</u>, No. 99 CIV. 0275 (RWS), 2004 WL 1811427, at *24 (S.D.N.Y. Aug. 12, 2004).  Rimowa's good-faith interpretation of this disputed term, and its resistance to producing additional information in the absence of a possible clarification of the term by this Court, are reasonable positions.  Therefore, Rimowa's interpretation of the production of revenue information called for in the Court order was substantially justified under Fed. R. Civ. P. 37(b)(2)(C).

      For the foregoing reasons, Rimowa maintains that it has complied with the Court order in producing revenue information consisting of U.S. and international sales relating to product lines depicted in the Lookbook.  Rimowa respectfully requests that this Court deny Plaintiff's request to order Rimowa to supplement its production to include sales revenue information for all product lines related in any manner to any product line depicted in the Lookbook and Plaintiff's request to impose sanctions against Rimowa.

      We are available at the Court's convenience to discuss the matter further.

                              Respectfully submitted,

                              Axinn, Veltrop & Harkrider LLP

July 20, 2017
Page 3

/s/ Delphine W. Knight Brown


Delphine W. Knight Brown
Eric P. Greenwald
*Attorneys for the Rimowa Defendants*


cc:  All Counsel of Record (via ECF)