# Frankfurt Kurnit Klein + Selz PC

**Andrew J. Ungberg**

488 Madison Avenue, New York, New York 10022

T (212) 705 4868     F (347) 438 2195

aungberg@fkks.com

July 25, 2017

**VIA ECF**
The Hon. Kevin N. Fox
United States District Court
Southern District of New York
40 Foley Square, Room 2203
New York, New York 10007

        RE:    <u>*Laspata DeCaro Studio Corp. v. Rimowa GmbH, et al.*, No. 16-cv-0934</u>

Dear Judge Fox:

     We represent Plaintiff Laspata DeCaro Studio Corp. ("LD") in the above-referenced copyright infringement action. We write to reply briefly to the letter dated July 20, 2017, (the "Letter") of Defendants Rimowa GmbH, Rimowa Distribution Inc., and Rimowa Inc. (together "Rimowa").

     Rimowa's contention that each specific luggage "model" constitutes a "product line" strains credulity. A "product line" is a group of related products sold under a single brand by the same company. Consistent with standard practice, Rimowa groups and promotes its products by product line or "collection," as Rimowa may refer to it; below is an example, taken from Rimowa.com, which shows how it presents its luggage products to customers:



Hon. Kevin N. Fox
July 25, 2017
Page **2** of **2**

*See* https://www.rimowa.com/en-us/ (last visited July 24, 2017); *see also* Rimowa Letter at 2 (citing online catalogue featuring virtually identical product groupings).

Your Honor ruled that LD is entitled to discovery related to the sales of any of Rimowa's product lines that are advertised in the 2015 Lookbook. For example, the infringing cover of the 2015 Lookbook included three suitcases from the "Bossa Nova" group — that image served to advertise not merely the specific products depicted on the cover, but the entirety of the "Bossa Nova" line. The same is true for each of the images within the infringing 2015 Lookbook; each promotes not only a single product, but the related group to which the product belongs. As the Court already ruled, LD is therefore entitled to obtain revenue information related to all products in each of the groups advertised in the 2015 Lookbook, regardless of whether Rimowa refers to the groups as "collections" or "product lines."

Nothing in Rimowa's July 20 Letter demonstrates that its interpretation of the Court's June 28 Order was reasonable or made in good faith. Since LD first raised this issue in mid-May 2017, Rimowa has made every attempt to avoid or delay providing LD with revenue information. Its tortured interpretation of "product lines" has wasted both LD's and the Court's time and resources. Although LD would be well within its rights to seek harsher sanctions under Rule 37(b)(2), ordering Rimowa to pay LD's costs and fees associated with this application is a reasonable, tailored sanction that will both compensate LD and deter Rimowa from pursuing similar obstructive behavior moving forward.

* * * *

For the foregoing reasons, Plaintiff LD respectfully requests that the Court grant LD the relief requested in its letter motion dated July 19, 2017, together with any additional relief as the Court deems appropriate.

> Respectfully Submitted,
> **Frankfurt Kurnit Klein & Selz, P.C.**
> */s/ Andrew J. Ungberg*
> Andrew J. Ungberg
> Jeremy S. Goldman
> Lily Landsman-Roos
> *Attorneys for Plaintiff Laspata DeCaro Studio Corp*

cc: All Attorneys of Record (via ECF)