IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------ X
Laspata DeCaro Studio Corporation,   :
                                     :
                 Plaintiff,          :   C.A. No. 1:16-cv-00934 (LGS)(KNF)
                                     :
        v.                           :
                                     :
Rimowa GmbH, Rimowa Distribution, Inc., :
Rimowa Inc., Meire GmbH & Co. d/b/a Meire and :
Meire, and Shotview Berlin Photographers :
Management GmbH b/b/a Shotview Artists :
Management,                          :
                                     :
                 Defendants.         :
                                     :
------------------------------------ X
```

## **RIMOWA DEFENDANTS' SUPPLEMENTAL STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT ON DAMAGES**

Pursuant to Local Rule 56.1, Defendants, Rimowa GmbH, Rimowa Distribution, Inc., Rimowa Inc. (collectively, "Rimowa")[1] respectfully submit their Statement of Material Undisputed Facts in support of Rimowa Defendants' Motion for Summary Judgment on damages.

1. In 2014, Rimowa retained Defendant Meiré GmbH & Co KG d/b/a Meiré and Meiré ("Meiré) to create a lookbook, entitled *The Journey* (the "Lookbook") for public relations use in the years 2015 and 2016 (See Transcript of the August 3, 2017 Deposition of Birgit Wenners ("Wenners Dep. Tr."), annexed as Exhibit 3 to the Declaration of Delphine W. Knight Brown dated December 13, 2017 and submitted herewith ("Brown Decl."), at 91:7-92:15.)

2. The Lookbook is comprised of a total of 41 photographs. Twenty-four of these photographs depict Rimowa luggage products in isolation. The other seventeen photographs, comprising fifteen unique photographs, feature set pieces that include models posing with Rimowa luggage products, backdrops and props. Of these fifteen unique photos, Laspata alleges that only three are infringing. The fourth allegedly infringing image was not included in the Lookbook. The Lookbook includes thirty-seven photographs that Laspata does not allege are infringing, depicting different Rimowa luggage products than those products depicted in the three allegedly infringing photos. (See Transcript of the August 8, 2017 Deposition of Rocco Laspata ("Laspata Dep. Tr."), Brown Decl., Ex 2 at 236:20-238:21).

3. The Lookbook was created at the end of 2014 (Brown Decl., Ex. 3, Wenners Dep. Tr. at 74:9-17).

4. During the photoshoot for Rimowa allowed a German broadcasting network to film a behind-the-scenes video entitled "Rimowa Lookbook 2015/2016 Shooting New York."

---

[1] Defendant Meiré GMbH & Co. KG d/b/a Meiré and Meiré joins in the Rimowa Defendants Motion for Summary Judgment on Damages.

1

(Brown Decl., Ex. 5; Ex. 3, Wenners Dep. Tr. at 14-:19-144:2).  No Laspata images appear in the video.  A derivative work of a single Laspata image appears for less than three seconds.

5. There is no marketing message behind the Lookbook because it was merely used for public relations purposes, to develop brand awareness and to tell a story, in this case a story of 1920s-era air travel in the Junkers F13, a legendary German aluminum aircraft that was the original inspiration for Rimowa's metal luggage product lines. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 90:10-22).

6. Rimowa printed 89,000 copies of the Lookbook. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 154:4-5).

7. Of the 89,000 copies of the Lookbook, 9,000 copies were sent to public relations ("PR") agencies with whom Rimowa had a working relationship. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 154:4-22).

8. Rimowa is not aware of any copies of the Lookbook that were actually distributed to individuals who were potential customers in North America. (Brown Decl., Ex. 8, at RIM00000910-0914).

9. There is no evidence that any of the remaining 80,000 copies of the Lookbook were received by actual customers of Rimowa.

10. There is no evidence that any actual customer of Rimowa viewed a copy of the Lookbook prior to purchasing a Rimowa product.  (Brown Decl., Ex. 6, Sedlik Report at 25).

11. There is no evidence that any customer was motivated to purchase any Rimowa product because of the Lookbook.

12. There is no evidence that any customer was motivated to purchase a Rimowa luggage product after viewing one of the allegedly infringing photographs.

13. Rimowa destroyed a substantial number of Lookbook copies in October 2015 because Rimowa did not intend to use or circulate them.

14. Rimowa sells its products through its retail stores, luggage specialty stores, department stores worldwide and websites. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 48:18-24, 49:9-51:11.)

15. In 2015, there were a total of 133 Rimowa retail stores worldwide. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 53:23-25.

16. Rimowa opened twenty-eight new retail stores in 2015. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 54:13-16).

17. Rimowa's products are also sold through dealers such as Bloomingdales and Zappos in the United States. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 49:19-24).

18. Rimowa's products are also available for sale at specialty luggage stores and in 'shop in shops' (Brown Decl., Ex. 3, Wenners Dep. Tr. at 50:2-24).

19. In 2015, Rimowa had 1,180 points of sale worldwide. (Brown Decl., Ex. 3, Wenners Dep. Tr. 55:7-24).  There is no evidence that all points of sale received Lookbooks. They were distributed to Rimowa retail stores only.  There is also no evidence that all points of sale used the allegedly infringing photographs.

20. In 2015, in addition to the Lookbook, Rimowa also published a product catalog. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 30:13-31:24, 40:2-4, 70:14-22).

21. Rimowa has a marketing department and a PR and communications department. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 14:8-24).

22. The PR and communications department at Rimowa constitutes only a tiny part of its marketing activities. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 14:17-19).

23. The responsibilities of the PR and communications department at Rimowa include creating photographs and videos of products, drafting press releases and sending product samples to journalists. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 18:23-19:17).

24. The PR and communications department is also responsible for maintaining Rimowa's social media accounts such as Instagram, Facebook, Twitter, Pinterest, Weibo, WeChat and WhatsApp. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 23:2-18).

25. The PR and communications department at Rimowa also publishes, on a bi-monthly basis, the *Rimowa Inside* magazine that is sent to Rimowa stores, dealers and service departments, who in turn place copies into Rimowa luggage products that have been shipped to Rimowa facilities for repair. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 23:19-24:15).

26. The PR and communications department also cultivates working relationships with celebrities, actors and musicians, all of whom have influence on social media. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 24:23-25:9).

27. The PR and communications department also organizes the "Grooves United" festival and other events. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 25:11-18).

28. The Rimowa marketing department conducts activities having the specific goal of promoting the sale of Rimowa products. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 61:3-62:7).

29. Examples of marketing efforts conducted by Rimowa include sponsorships with several brands and German soccer teams, presentations of major opening events and festivals and organization of special editions. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 62:8-65:12).

30. Rimowa's marketing efforts are treated as separate and apart from Rimowa's PR efforts. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 64:18-65:2, 66:8-11).

31. The cost of creating the Lookbook was approximately €1.1 million ($1.3 million). (Brown Decl., Ex. 4, Wenners Dep. Tr. at 67:4-14, Ex. 3, Wenners Dep. Tr. at 219:18-226:18).

32. Rimowa's total spend on the Lookbook and related advertising was $4.2 million, or roughly 15.5%, of Rimowa's total 2015 advertisement and placement spend of about €23.3 million (roughly $27 million). (Brown Decl., Ex. 3, Wenners Dep. Tr. at 66:12-18, 231:21-232:20; Ex. 4, Wenners Dep. Tr. at 67:4-14; Ex. 7).

33. In 2015, the spend on PR included fees for agencies, social media, printed media, and the production of bi-monthly issues of the *Rimowa Inside* magazine. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 232:3-10).

34. Marketing activities in 2015 included participation at the July 2015 air show in Oshkosh, Wisconsin, sponsorship of the Cologne, Germany soccer team, sales partnerships with luxury brands Porsche, Lufthansa Worldshops and Moncler, and store opening events worldwide. (Brown Decl., Ex. 3, Wenners Dep. Tr. 61:23-64:12, 186:1-187:5).

35. Many factors influenced the sales of Rimowa's products in 2015, including new store openings and announcements of new product launches. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 52:4-54:19, Ex. 9 at 1 (Inside Issue No. 5/2015)).

36. In 2015, only two images from the Lookbook were used in media buys. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 74:21-25).

37. Laspata created an advertising campaign for its client Americana Manhasset in or around 2012 (Brown Decl., Ex. 10, Compl. ¶ 12).

38. The campaign created for Americana Manhasset included the creation of a lookbook entitled "Speechless" (Brown Decl., Ex. 2, Laspata Dep. Tr. at 14:9-25, 27:6-11).

5

39. Laspata asserts that it created as a part of the Americana Manhasset campaign a photograph entitled *Karlie, Clement and Uggie.* (Brown Decl., Ex. 10, Compl. ¶ 13).

40. Laspata asserts that it created as a part of the Americana Manhasset campaign a photograph entitled *Karlie feeding Uggie.* (Brown Decl., Ex. 10, Compl. ¶ 14).

41. Laspata asserts that it created as a part of the Americana Manhasset campaign a photograph entitled *Karlie Dancing.* (Brown Decl., Ex. 10, Compl. ¶ 15).

42. Laspata asserts that it created as a part of the Americana Manhasset campaign a photograph entitled *Karlie & Clement in Pursuit.* (Brown Decl., Ex. 10, Compl. ¶ 18).

43. Laspata asserts that it created as a part of the Americana Manhasset campaign a photograph entitled *Karlie & Clement in Pursuit.* (Brown Decl., Ex. 10, Compl. ¶ 16). The photographs *Karlie, Clement and Uggie, Karlie feeding Uggie, Karlie Dancing* and *Karlie & Clement in Pursuit* are jointly referred to herein as the "LD Images".

44. Laspata asserts that the LD Images were infringed by Rimowa. (Brown Decl., Ex. 10, Compl. ¶ 35).

45. Laspata does not license the photographs it creates for its clients to be used by other parties. (Brown Decl., Ex. 2, Laspata Dep. Tr. at 38:17-23, 239:6-17).

46. According to Rocco Laspata, Laspata's Rule 30(b)(6) witness, Laspata would never allow others to exploit the photographs it creates for its clients. (Brown Decl., Ex. 2, Laspata Dep Tr. at 54:13-24, 239:6-17).

47. Laspata's photographs depicted fashions that were only available at the Americana Manhasset retail stores during the Fall 2012 season. According to Rocco Laspata, the photographs admittedly would be of no use to anyone because "it is all based on fashion." (Brown Decl., Ex. 2, Laspata Dep. Tr. at 54:18-20).

48. Laspata was unable to provide any information about the actual damages that it allegedly suffered as a result of the use of the allegedly infringing photographs by Rimowa. (Brown Decl., Ex. 2, Laspata Dep. Tr. at 281:17-23; Ex. 6, Sedlik Report at 22, 24).

49. Laspata has no evidence regarding how commercially successful the Rimowa Lookbook was. (Brown Decl., Ex. 2, Laspata Dep. Tr. at 281:13-16).

50. Laspata has not provided any evidence of sales attributable to the use of the allegedly infringing photographs by Rimowa.

51. In August 2015, Rimowa issued a press release regarding half year financial results. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 207:3-208:19).

52. Rimowa's August 10, 2015 press release stated, "[w]ith a new lookbook and accompanying campaign together with store openings in prime locations, including the world's largest Rimowa store in Omotesando, Tokyo, Rimowa was able to consolidate its market share at the start of 2015 even strengthening its position." (Brown Decl., Ex. 3, Wenners Dep. Tr. at 209:10-18 and Ex. 10, Compl. Ex. H).

53. The Lookbook was a tiny part of Rimowa's plan for success and growth in 2015. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 209:9-210:10).

54. Rimowa is not aware of any mechanism for attributing marketing dollars to sales of a particular product, without engaging in speculation. (Brown Decl., Ex. 3, Wenners Dep. Tr. at 234:3-11.)

Dated: December 15~~3~~, 2017

AXINN, VELTROP & HARKRIDER LLP


/s/ Delphine W. Knight Brown

        Delphine W. Knight Brown
        Eric P. Greenwald
        114 West 47th Street
        New York, New York 10036
        Phone: (212) 728-2200
        Fax: (212) 728-2201

        *Attorneys for Defendants Rimowa GmbH,*
        *Rimowa Distribution, Inc. and Rimowa Inc.*

Of Counsel:
William E. O'Brien (Admitted *Pro Hac Vice*)
Law Offices of William E. O'Brien LLC
2 Connector Road, Suite 200
Westborough, MA 01581
Tel. (781) 956-5363

*Attorneys for Defendants Rimowa GmbH,*
*Rimowa Distribution, Inc. and Rimowa Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on December 1~~5~~3, 2017 I filed a copy of the foregoing RIMOWA DEFENDANTS' SUPPLEMENTAL STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGEMENT ON DAMAGES with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record, and separately served a copy via email on all counsel of record in this matter.

Dated: December 1~~5~~3, 2017

/s/ Delphine W. Knight Brown
Delphine W. Knight Brown
AXINN, VELTROP & HARKRIDER LLP
114 West 47th Street
New York, NY 10036
Phone: (212) 728-2200
Fax: (212) 728-2201

NYDOCS\1497620.6